**MARYLAND CASUALTY CO. v. HILL et al.**

No. 9735.

Court of Civil Appeals of Texas. San Antonio.

Jan. 29, 1936.

Rehearing Denied Feb. 26, 1936.

R. H. Mercer, of San Antonio, for appellant.

John R. Beasley, of Beeville, and H. S. Bonham, and J. A. Wood, both of Corpus Christi, for appellees.

SMITH, Chief Justice.

This appeal is from a lump sum judgment in a workmen's compensation case in which the Pioneer Drilling Company was the employer, E. B. Hill, the employee, and Maryland Casualty Company, the insurance carrier. The casualty company has appealed. The case was tried upon special issues, all of which were answered favorably to appellees, and none of the jury findings thereon are challenged by assignment of error presented in this court. Appellant's complaints are directed at the argument of counsel for appellees, the giving and refusal of charges to the jury, and the admission of evidence.

The court submitted numerous issues, covering all phases of the case. The first issue was, "Do you find from a preponderance of the evidence that E. B. Hill received an injury on or about November 15, 1932?" The question was followed by the court's instruction that, if the jury answered that question "No," then they need not answer any other question submitted, but that, if .they answered it "Yes," then they would go further and answer the fol-

lowing questions. Appellant did not object to the instruction upon the ground that it informed the jury of the effect of their answer to the first question. Now, in his opening argument to the jury, one of appellees' counsel said, "Well, gentlemen, if you answer that question (referring to said special issue No. 1) 'no,' that settles the case." Appellant objected to that statement of counsel, upon the ground that it informed the jury of the effect of their answer to the question and was inflammatory. The court thereupon instructed the jury to disregard, and not to consider, the statement, but appellant, nevertheless, has assigned error thereon, which it urges upon this court under its first proposition.

We are of the opinion that the incident does not warrant reversal. The whole case, of course, was fought out upon the diverse theories: (1) That, as vigorously urged by appellees, the employee's death was due to a certain injury sustained by him in the course of his employment; and (2) that, as urged by appellant with equal vigor, it was due to disease not related to the accident. All of appellees' witnesses testified to facts leading to the conclusion that the death was due to the accident, while all appellant's witnesses testified to facts leading to the conclusion that it was occasioned by disease. Every movement and word in appellees' behalf shouted "injury" to the jury, and every movement and word in appellant's behalf shouted "disease." Could it be said with a semblance of reason that any rational person, including the jurors, did not know, with certainty, that a finding that the employee did not receive an injury would settle the case, or that a finding that the employee died as a result of disease, as claimed by appellant, would destroy appellees' case? The consequence of an affirmative or negative answer to either question was patent and obvious to any intelligent person sitting through the trial, and it is idle to say, and would be a travesty upon justice to adjudge, otherwise. Counsel therefore told the jurors nothing that was not already perfectly obvious to them, and the argument complained of did not constitute reversible error. Moreover, the trial judge, upon appellant's objection, directed the jury to disregard, and not consider, the argument, which was not so searingly inflammatory that its effect will be presumed to have survived that instruction. For like reasons, the statement in the same counsel's argument that plaintiffs could not re-cover if the jury answered in the affirmative the special issue inquiring if the employee's death was due to disease does not constitute reversible error.

We conclude, moreover, that appellant's first proposition must be overruled, for the further reason that the court had already instructed the jury, without objection from appellant, that, if they answered special issue No. 1 "No," they need not answer any further questions—in short, that the answer "no" would, indeed, "settle the case," as counsel stated in his argument. The jurors knew, as a matter of course, that a negative answer to special issue No. 1 would settle the case. But, if not, they must have learned it through the court's instruction to that effect, in which appellant acquiesced without objection; if not yet, then no attorney could shout the fact loud enough for it to penetrate their intelligence. The average juror must be accorded ordinary intelligence, and, being so endowed, those in this case were bound to have known from the overwhelming circumstances of the trial, the conduct of the parties, witnesses, and court, the pleadings, and all the incidents of the trial, that, if they found the employee's death was not due to injury, such finding "would settle the case," and that, if they found his death was due to disease, appellees could not recover. The judgment ought not to be reversed simply because counsel informed the jury of the effects of the two outstanding and controlling contingencies, in the case, which had been dinned into their ears during the entire course of the long drawn-out trial. We overrule appellant's first and second propositions.

■ As has been shown, the court inquired of the jury in special issue No. 1, "Do you find from a preponderance of the evidence that E. B. Hill received an injury on or about November 15, 1932?" The court then inquired further: "Was such injury, if any, received by E. B. Hill while in the prosecution of his duties under his employment by Pioneer Drilling Co., if you have answered above that he was at the time employed by that Company."

Appellant objected to each of those issues upon the grounds:

"(a) There is no pleading to support the giving of such issue;

"(b) There is no evidence to support the giving of such issue;

"(c) It is a general charge and not a special charge;

"(d) It is a charge on the weight of the evidence assuming that E. B. Hill did receive an injury."

Appellant now complains, in its third proposition, that "where the appellees, as in this case, pleaded specifically that the deceased received an injury by striking his head against an iron pipe on or about November 15, 1932, it was error for the court to submit in general terms, the question of whether deceased received an injury; and in the course of employment, on said date and thereby ignore the specific pleadings."

It is clear that the objection now made was not among those made below, and therefore cannot be urged on appeal. The objection made below, with reference to pleading, was that there was "no pleading to support such issue." The objection now urged is that the charge ignored facts specifically pleaded below. The proposition is overruled.

■ In its fourth and fifth propositions appellant asserts, and complains, that the court erroneously refused to submit certain defenses urged by appellant below. We overrule these propositions, because an examination of the entire charge discloses that the defensive matters claimed to have been withheld from the jury were adequately covered in the very full submission of the case.

In its sixth and last proposition appellant complains of the admission, over its objection, of testimony of one Tolliver, a chiropractor, concerning the condition of the decedent following his alleged injury, and the probable effect of that condition. The proposition is that "a witness who purports to give expert medical testimony as to causes and probable effects of injuries, such as the witness, H. E. Tolliver, must be properly qualified, and a chiropractor whose profession is confined to the adjustment of the spine is not qualified to testify to the effect of pressure on the spinal cord, which involves the nervous system of the body, nor is he qualified to testify to the probable cause of such pressure, nor is he qualified to give his opinion that a misalignment of the spine would have anything to do with a man's death from a disease, which is shown to have progressed over a long period of time, and which involves medical science, nor is such witness entitled to testify that in his opinion the injury to the spine caused the death of E. B. Hill in this case."

The proposition is so multifarious as to drive the investigator to the group of eight assignments of error (8, 9, 10, 11, 12, 13, 14, 15) upon which the proposition is based, and to which it is purportedly germane. Appellees object to consideration of the proposition, upon the obvious ground that it is multifarious, and the objection is well taken. We have, nevertheless, gone somewhat into the record to determine the merits of appellant's omnibus proposition, as well as the assignments grouped thereunder.

■■ Appellant's chief complaint is that the witness, being merely a chiropractor, and not a licensed physician, was disqualified, in fact if not as a matter of law, from testifying to the condition in which he found the decedent (whom he treated for four months), and to his opinion as to the cause and effects of that condition. The witness testified that he is a graduate of a San Antonio chiropractic school, as well as of the well-known Palmer School, and had been in the active practice of that profession for more than five years, during which period he had taken and read more than a thousand X-ray photographs. We may take judicial notice of the fact, known as a matter of common knowledge, that chiropractic, "a system, or the practice, of adjusting the joints of the spine by hand for the curing of disease" (Webster), imports a study, knowledge, and treatment of the human vertebræ, which include the bones of the neck. It was alleged, and the jury found, at least impliedly, that the decedent was injured by striking the back of his neck against a steam pipe. The chiropractic witness testified to a thorough examination of the injured man, shortly after the accident, which examination disclosed a "misalignment" of the second bone of the vertebræ in the neck; that this displaced bone pressed upon the spinal cord, and that this pressure could have caused the condition he found the patient in; that he "felt" that the condition was caused by a blow the patient "had gotten by bumping a steam pipe," which opinion of the witness was based upon the patient's report of such an injury. This opinion, as well as the further opinion of the witness that the alleged blow was the cause of the patient's death, was afterwards withdrawn from the jury upon motion of appellant; the jury being instructed not to consider the testimony. Like testimony was given by medical experts, without objection, and

394

remained with the jury. We are of the opinion that from the facts stated, as well as from many other facts developed from the witness, the trial judge did not abuse his discretion in admitting the testimony; that the objections went to the weight of that testimony, rather than to its admissibility.

We conclude that appellant's proposition should be overruled for the further reason that appellant's objection, as made below, and as urged here, went to the admissibility of more than two pages of the witness' testimony, as did appellant's motion to strike. Much of that testimony, as shown in appellant's brief, was clearly admissible against any conceivable objection, and was mingled with the testimony complained of in appellant's proposition. The two classes of testimony were not segregated, for the purposes of appellant's objections, which went to the whole of it; and the objections, being untenable as to parts of the testimony admitted and objected to in solido, were properly overruled, even though parts of that testimony may have been subject to those objections.

We think the case was fairly tried, and, there being no reversible error assigned, the judgment is affirmed.