### TENNESSEE DAIRIES, Inc., v. SEIBENHAUSEN.

No. 3408.

Court of Civil Appeals of Texas. El Paso.

Nov. 12, 1936.

Rehearing Denied Dec. 3, 1936.

Geo. E. Seay, Curtis White, and Seay, Malone & Lipscomb, all of Dallas, for appellant.

F. W. Bartlett, W. L. Thornton, and O. D. Montgomery, all of Dallas, for appellee.

PELPHREY, Chief Justice.

In this suit appellee and wife sought to recover damages alleged to have been caused by the negligence of appellant in delivering to them a bottle of milk with glass in it which it is alleged was drunk by Mrs. Bert Seibenhausen.

The findings made by the jury will reveal the issues as presented by the parties. It found that defendant sold and delivered a quart of milk to appellee and wife on December 4, 1933, for human consumption; that the milk contained one or more particles of glass when delivered; that this was negligence; that Mrs. Seibenhausen swallowed the particles of glass while drinking from the bottle; that the act of delivering the bottle of milk constituted a warranty that it was ready for human consumption and would not injure Mrs. Seibenhausen; that such warranty was false; that Mrs. Seibenhausen sustained bodily injuries from swallowing the particles of glass; that appellant's negligence was a proximate cause of such injuries; that the bottle was chipped at the top when Mrs. Seibenhausen drank from it; that there was broken glass in the bottle at the time she drank from it; that she failed to observe the broken glass in the bottle before she drank therefrom; that she did not fail to use ordinary care to discover that the bottle was chipped or the presence of the broken glass in the bottle; that she did not see that the top of the bottle was chipped or the glass in the bottle when she drank; that she should not have seen them had she used ordinary care; that she did not break the bottle while attempting to remove it from the icebox; that her disability was not caused by a disease or female trouble unrelated to the swallowing of the glass; that it was not caused by injuries inflicted on her by a person who attacked her on or about October 19, 1934; and that her injuries were not the result of an unavoidable accident.

The jury fixed the sum of $600 as compensation for the damages to appellee, Dave Seibenhausen, and judgment was rendered in his favor for $608 and that Mrs. Seibenhausen take nothing. From such judgment this appeal was perfected.

Opinion.

Appellant requested the trial court to instruct a verdict in its favor upon the grounds that appellee and wife had failed to prove what portion of Mrs. Seibenhausen's disability resulted from swallowing the glass and what portion from other causes, and because the evidence showed her to be guilty of contributory negligence as a matter of law. In connection with the second ground, appellant contends that Mrs. Seibenhausen's own testimony showing that she was in a hurry to go to town, that she took the bottle of milk in question out of the icebox, removed the top, and, without looking at the top of the bottle or its contents, and without wiping off the top of the bottle, turned it up to her lips and began drinking, is sufficient to convict her of contributory negligence as a matter of law.

Appellant, in support of its position, cites Bostick v. Texas & P. Ry. Co. (Tex.Civ. App.) 81 S.W.(2d) 216, in which the court in discussing contributory negligence held that where the undisputed evidence shows the existence of a danger and that the injured party had knowledge or was chargeable with knowledge of the danger and exercised no care whatever, then there was shown a case of contributory negligence as a matter of law. With such pronouncement there can be no quarrel, but we cannot agree that the facts here are sufficient to place Mrs. Seibenhausen in that position. There is no evidence that she knew of the danger, and certainly it cannot be said that as a matter of law an ordinarily careful and prudent person would have exercised any greater degree of care than did Mrs. Seibenhausen in using an article as customarily harmless as we all know a milk bottle to be. Dunn v. Texas Coca-Cola Bottling Co. (Tex.Civ.App.) 84 S.W.(2d) 545.

With the same facts as a basis, appellant requested the court to submit issues inquiring whether or not Mrs. Seibenhausen, after she began to drink the milk, knew or should have known that there was glass in the milk; whether she continued to drink the milk after she knew or should have known of the presence of the glass; whether in so doing she failed to use ordinary care; and whether such failure to use ordinary care caused or contributed to cause her injuries.

The trial court in special issues Nos. 23 and 24 asked the jury to find whether or

not Mrs. Seibenhausen saw, or by the use of ordinary care should have seen, the glass in the milk when she drank it. Other issues submitted limited the discovery of the glass to the time before the drinking, and there being no limitation as to time in issues 23 and 24, we feel that the issues presented by the facts were fully covered in them.

■ Appellant's propositions 5 to 14, inclusive, all deal with the sufficiency of the evidence as to Mrs. Seibenhausen's disability. Under these propositions the contention is made that because there was evidence showing that since the swallowing of the glass Mrs. Seibenhausen had had an abscess on the lips of her vagina which had to be lanced, had had an infection or involvement of a Fallopian tube, and had been shocked and injured by an attempted assault upon her, it was incumbent upon appellee and wife to show what portion of her damages were attributable to the swallowing of the glass and what portion to the abscess, infection in Fallopian tube, and assault, and that they having failed to do so, the trial court should have instructed a verdict in favor of appellant; should not have submitted issues inquiring what sum would reasonably compensate appellee, Dave Seibenhausen, for the past mental and physical suffering of his wife; what sum would compensate him for the necessary medicines purchased for her; what sum would compensate him for loss of her services; and should not have submitted the issue as to mental and physical suffering without instructing the jury that they should consider only the injuries directly and proximately resulting from appellant's negligence and not to take into consideration in making up their verdict any suffering caused either by the female illness or the assault.

A proper understanding of these questions cannot be had without a study of the testimony on this phase of the case of Mrs. Seibenhausen, Mrs. Gladys Smith, and Dr. Clark.

Dr. Clark testified that he had treated Mrs. Seibenhausen on February 22, 1934, and on April 4, 1934; that on his first visit she had a bursal abscess on her vagina which he lanced; that such an abscess would be very painful, but that it would heal up very rapidly; that on his second visit he found an infection in one of her tubes, sent her some medicine, and told her

he thought her condition would probably terminate in an operation; and that neither of these conditions could have been caused by swallowing glass.

Mrs. Seibenhausen testified that Dr. Clark did not tell her she had any female trouble; that when he examined her he told her he did not know what was wrong with her and that he would have to operate to find out; that no doctor ever told her she had female trouble; that she knew the location of the abscess and knew that Dr. Clark lanced it; that the day following the drinking of the glass she collapsed while at the theater, and was taken home in a taxicab; that she suffered pains in the upper part of her stomach; that she went to bed and a doctor prescribed for her; that she was in bed thirteen days; that during that time she suffered severe pains in her stomach or bowels; that she passed blood on three occasions; that she had been in good health prior to the swallowing of the glass; that she had not been nervous before, but had been nervous ever since swallowing the glass; that for the first year she slept very little but was doing better at the time of the trial; that she was worried about what might happen to her from the swallowing of the glass; that she had been in bed about two-thirds of the time since she swallowed the glass; that she had run temperature; had fever blisters in her mouth; lost weight; has been unable to do her housework; and had had six doctors attend her. She also testified that a man had attempted to assault her during October, 1934; that he had bruised her throat in such attempt, but that she was so nervous at the time that she did not notice any difference in her nervous condition.

Mrs. Smith testified that Mrs. Seibenhausen had not had any serious illness prior to swallowing the glass; that prior to that time she had never complained of her health; that she saw her on December 5th and she was crying, holding her stomach, and cramping; that she had seen her in bed many times during 1934; that she saw her almost every day in December, 1933; that she called Dr. Clark; that he felt of Mrs. Seibenhausen's stomach and said the only thing he knew to do was to operate; that she was upset by the attempted assault, but that she was a nervous wreck before that occurred; that Mrs. Seibenhausen passed blood on either the 6th or 7th of December, 1933.

The evidence shows that the glass was swallowed on December 4, 1933, and this trial began on July 25, 1935, a year and eight months afterwards; that during all of this period Mrs. Seibenhausen had been suffering with pains in her stomach and had been in bed at least a goodly portion of the time.

The evidence as to the abscess shows that any pain from it would not continue for more than five days after Dr. Clark lanced it. While it is true that Dr. Clark testified that he found an involvement in one of Mrs. Seibenhausen's Fallopian tubes, he nowhere testified as to how long such condition would exist, neither did he say that such condition caused the patient pain and suffering. There is in the record also evidence of an attempted assault, but no showing that the shock therefrom caused increased nervousness. Under these facts the jury certainly was not speculating when it found that Mrs. Seibenhausen's mental and physical suffering resulting directly and proximately from the swallowing of the glass would be compensated by the sum of $400.

The issues as to mental and physical suffering, as to loss of her services, as to doctors' and medicine bills, were all properly submitted, and the failure of appellee and wife to prove the amount of damage to Mrs. Seibenhausen caused by the abscess, the tube involvement, and the assault, under the facts in this case, did not warrant an instructed verdict for appellant. All assignments relating to the questions presented in propositions 5 to 14 are overruled.

From a review of the whole evidence we do not feel that there is any error in failing to submit the requested issues presenting the question of whether Mrs. Seibenhausen's disability was partly caused by female trouble or by the attempted assault. The issues as submitted by the court were sufficient.

■ Requested issue No. 11 was properly refused. The court had properly submitted the issue in questions Nos. 23 and 24.

■ Mr. Thornton, counsel for appellee and wife, argued: "Do you think for one minute that a person who is trying to frame-up on a corporation like the Tennessee Dairy in a matter of this kind, before they ever consulted anybody, would call up and say—which they already knew—call them up and say: 'I swallowed that glass and I am sick as a result of it, send your doctor out here to examine me'? Oh, they hadn't talked to anybody then, except possibly Dr. Garrett, who told her to eat something, and she did but didn't get any relief. If you are going to frame up a dairy, drinking a bottle of milk, would you call up * * *."

This argument was objected to on the ground that it was asking the jurors to put themselves in the position of litigants. The trial court instructed the jury, upon the suggestion of Mr. Thornton, to disregard the latter portion of the argument.

Again Mr. Thornton, after referring to appellant's claim about the female trouble being the cause of Mrs. Seibenhausen's disability, after referring to the fact that Drs. Brewer and Wyatt did not find any female trouble, and after referring to the calling in of Dr. Brewer, said: "I don't think they did any more than you and I would have if our wives had been similarly involved." This statement was objected to, and the court instructed the jury not to consider the argument as to what they would have done under the circumstances.

Later in the course of the argument Mr. Thornton said: "Now, gentlemen, there is no yardstick for determining how much damage a husband sustained from an injury to his wife. That is a matter for you to determine, and unfortunately, you cannot determine it upon how you might personally feel about it if you found yourself in the same situation as Dave Seibenhausen."

The statement of counsel that unfortunately the jury would not determine the damage upon how they might personally feel about it if they should find themselves in the situation of Mr. Seibenhausen is certainly subject to all the objections made by appellant and was highly improper. It was only another way of requesting the jury to put themselves in his client's shoes. In view of the court's previous instruction and the fact that the damages assessed were so much less than the evidence warranted, we feel that it was harmless.

■ Defendant's witness, Mrs. Richardson, was asked if she had not told Mrs. Seibenhausen that she had been arrested by police officers in Dallas for shoplifting; whether she had gone under the names of Helen O'Shea and Helen Mace; if she knew Goss and Abbott of the Detective Department of the City of Dallas; whether she had ever been arrested for shoplift-

ing; and whether she had ever been tried for a criminal offense involving moral turpitude, or a felony, within the last ten years.

Appellant objected to the asking of all these questions, and its objections were sustained to all of them except as to her going under the names of O'Shea and Mace, knowing Goss and Abbott, and having been tried for a criminal offense involving moral turpitude or a felony within the last ten years. Each and every one of the questions was answered by the witness in the negative, and appellee and wife of-· fered no evidence to contradict her.

Appellant now contends that the asking of these questions accomplished the impeachment of its witness, by innuendo, and calls for a reversal of the judgment.

Appellant attempted by this witness to show that Mrs. Seibenhausen did not swallow any glass at all and was a malingerer, and appellant now asserts that her testimony would have had such effect except for the discrediting brought about by the questions complained of.

In the first place, we feel that there are plenty of circumstances tending to show a change in Mrs. Seibenhausen's physical condition before and after she says she swallowed the glass, and certainly there is evidence in the record from which the jury could have entertained doubts of Mrs. Richardson's motives in giving testimony in the case.

Conceding that the examination was improper, we do not agree that it had the harmful effect which appellant claims for it. Ordinarily ·it prejudices the party's side who asks impeaching questions and fails to substantiate the charges inferred.

Appellant's objection to special issue No. 6, which asked if Mrs. Seibenhausen had swallowed particles of glass while drinking from the bottle of milk, was that it was made contingent upon an answer to special issue No. 1; that it did not limit the inquiry to whether she swallowed particles while drinking from the bottle sold and delivered to her by appellant; and that it was on the weight of the evidence in assuming that she had swallowed particles of glass.

Apparently there was some change made in issue No. 6 after the above objections were urged, for the issue as it now appears was not made contingent upon any other issue and does not assume that Mrs. Seibenhausen had swallowed particles.

The objection now presented that the issue assumed that Mrs. Seibenhausen drank milk from the bottle was not made in the trial court and, therefore, will not be considered here.

We have investigated the questions presented by the remaining assignments, but shall refrain from extending this opinion to a greater length by a detailed discussion of them. They are overruled.

The judgment of the trial court is affirmed.

## On Motion for Rehearing.

In our original opinion, we held that the objection urged in appellant's brief to the submission of issue No. 6 was not the one urged in the trial court and would not be considered. In appellant's statement and argument under its proposition presenting that question no reference was made to where the objection to issue No. 6 could be found in the transcript, neither was the objection there set forth. In fact, the statement and argument did not show that any objection at all was urged. Under the rules we would have been at liberty to disregard the whole proposition, but, in keeping with our well-settled custom of endeavoring to ascertain all the facts reflected by the record in order not to punish the litigant because of an oversight on the part of his attorney, we went further into the question. Having found in appellee's brief a statement that appellant's objection was to be found on page 41 of the transcript, we examined that objection and did not search through the forty-seven pages of the transcript comprising appellant's objections to the court's charge for another. It now appears that appellant also objected to the charge because it assumed that Mrs. Seibenhausen drank milk from the bottle.

In the beginning we cannot agree with appellant that the question of whether Mrs. Seibenhausen ever drank any milk on the occasion complained of was a highly disputed fact in the trial court.

While Mrs. Richardson testified that Mrs. Seibenhausen had told her she was going to claim she drank glass and get a piece of money from appellant, there is no evidence in the record refuting Mrs. Seibenhausen's testimony that she drank milk from the bottle. Appellant evidently did not so consider the question in the court below. In its original objection to the submission of issue 6, we find it asserting that the evidence shows that she did drink

**328**

from the bottle, and at least three of its requested issues assumed that fact.

The issue as reflected by the whole record was as to whether Mrs. Seibenhausen drank glass, and the fact that the court assumed that she drank milk from the bottle would not, we think, justify a reversal of the judgment.

After a careful reading of the other grounds presented in the motion, we have concluded that they are without merit and that with the above explanation as to the disposition of proposition No. 21, the motion should be overruled, and it is so ordered.