TEXAS & NEW ORLEANS RAILROAD COMPANY V.
EMMA E. NEILL ET AL.

Application No. 22,369.   Decided January 6, 1937.
Rehearing overruled January 27, 1937.
(100 S. W., 2d Series, 348.)

*Baker, Botts, Andrews & Wharton,* of Houston, *Templeton, Brooks, Napier & Brown,* and *Harper MacFarlane,* all of San Antonio, for plaintiff in error.

*James Young, Jr.,* of Corpus Christi, *Carter & Lewis, Champe G. Carter,* and *Randolph L. Carter,* all of San Antonio, for defendants in error.

PER CURIAM.—On the question of whether the railroad company was entitled to have submitted to the jury a specific special issue as to the existence of a custom of not having a switchman riding kicked or shunted cars, we observe that upon its request the following issue was submitted to the jury:

"Did Alvah Neill know that in passing the lead track there would be probable danger from a car kicked without a switchman riding it?" To which the jury answered "No."

As an intelligent employee of many years experience in this particular switch yard Neill necessarily knew the custom which obtained in regard to a switchman riding or not riding on shunted or kicked cars. In its brief filed in the Court of Civil Appeals the railroad company pointed out that Neill was necessarily acquainted with the custom of the yard in this particular. Under these conditions, the answer of the jury to the issue above copied clearly involves a finding against the existence of the claimed custom of shunting cars without a switchman riding thereon.

Further, the requested issue which was given related alone to the defense of assumed risk. Since the railroad company requested the court to give that issue as a submission of that defense, it is in no position to complain that another requested issue submitting the same defense in different language was not given. It was not entitled to two issues submitting the

same question and cannot complain that the court selected one of its two requested issues thereon.

■ The question of the excessiveness of the judgment is one of fact as to which the decision of the Court of Civil Appeals is final. We are lacking in jurisdiction to consider it.

The application for writ of error is refused.

Opinion delivered January 6, 1937.

Rehearing overruled January 27, 1937.