### TEXAS INDEMNITY INS. CO. v. SMITH et al.

### No. 11095.

Court of Civil Appeals of Texas. Galveston.
July 18, 1940.

Rehearing Denied Oct. 3, 1940.

Wood, Morrow, Gresham & McCorquodale, Newton Gresham, and Paul Shenk, Jr., all of Houston, for appellant.

Fulbright, Crooker & Freeman, of Houston (Jas. F. Bobbitt and Kraft W. Eidman, both of Houston, of counsel), for appellees.

MONTEITH, Justice.

This is an appeal in a compensation suit brought by appellant, Texas Indemnity Insurance Company, against appellees, Mrs. G. V. Smith et al., to set aside an award of the Industrial Accident Board in favor of appellees for death benefits and expenses of the last illness of William Edward Smith, deceased, the minor son of Mrs. G. V. Smith, who is alleged to have died on October 29, 1938, as a result of a streptococcic infection of the blood stream received in the course of his employment with Housh-Schofield-Thompson Drilling Company, who carried compensation insurance with appellant.

Appellees filed answer and cross-action in which it was alleged that an injury, consisting of an abrasion on deceased's left leg, was received in an automobile accident while acting in the course of his employment with the assured, and that the streptococcic infection which caused his death resulted from such injury or abrasion. In the alternative appellees alleged that said infection entered deceased's blood stream through such abrasion while deceased was engaged in the course of his employment with assured, thereby constituting an injury within the meaning of the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq.

In answer to special issues submitted, the jury found that William Edward Smith received an abrasion on the shin of his left leg as a direct result of the wreck of the truck which he was driving on the early morning of October 13, 1938; that the streptococcic infection from which he died entered his body through such abrasion; that his death would not have occurred on or about the time it did occur except for the entry of such infection through such abrasion; that deceased had an abrasion on his left shin following October 13, 1938; that the streptococcic infection from which he died entered his blood stream through said abrasion; that the streptococcic infection from which he died originated in his work for the Housh-Schofield-Thompson Drilling Company, and that his death would not have occurred on or about the time it did occur except for the entry of the infection through such abrasion.

Based upon the answers to said special issues, judgment was rendered in favor of appellee, Mrs. G. V. Smith, against appellant for a lump-sum recovery of $6,203.-96, and in favor of appellee Memorial Hospital, for an unpaid hospital bill in the sum of $76.25.

The primary issues made by the pleadings in this action are: (1) Whether the deceased received an injury in the nature of an abrasion on the shin of his left leg when his truck was wrecked in the early morning of October 13, 1938; and, if so, (2) whether the streptococcic infection, which admittedly caused his death, entered his blood stream through such abrasion.

Appellant's assignments of error and propositions thereunder raise two main points: (1) Whether reversible error was committed by the trial court in entering judgment against appellant in the absence of an issue as to whether any injury received by the deceased in the course of his employment was a producing cause of his death; and (2) whether the court committed reversible error in failing to submit to the jury a special issue requested by appellant as to whether the death of deceased was not due solely to a disease or infection not arising out of his employment.

The record shows that William Edward Smith was 19 years of age at the time of his death; that he began working for the assured, Housh-Schofield-Thompson Drilling Company, an oil well drilling contractor, in April, 1938, and worked for them until the date of his death; that deceased was slightly injured in an automobile wreck while hauling oil field equipment to his employer's location in the Fairbanks Oil Field near Houston, on the morning of October 13, 1938. Following the wreck he continued to work until Saturday, October 22, when he became ill. He was unable to return to work thereafter, and suffered a paralytic stroke on the morning of October 26. He died at Memorial Hospital in Houston from a streptococcic infection of the blood stream on October 29, ·1938.

The contract of employment, the existence of the policy of insurance, the average weekly wage, and the. cause of the death of deceased, are uncontroverted.

■ Appellant contends that reversible error was committed· by the trial court in entering judgment for appellees based on the jury's answers to special issues submitted. This contention cannot be sustained.

The jury found, on sufficient evidence, in answer to special issue No. 1, that the deceased received an abrasion on the shin of his left leg as a direct result of the wreck of his truck on October 13, 1938; in answer to special issue No. 2, it found that the streptococcic infection, from which he died, entered his body through such abrasion; in answer to special issue No. 3a, it found that ˙the deceased had an abrasion on his left leg following October 13, 1938. In answer to special ·issue No. 3b, it found that the streptococcic infection from which he died entered his blood stream through said abrasion; and in answer to special issue No. 3c, it found that the streptococcic infection from which he died originated in his work for the assured.

In answer to the foregoing special issues the jury found that the deceased received an abrasion on the shin of his left leg as a direct result of the wreck, which was admitted to have occurred on October 13, 1938; that the streptococcic infection from which he died entered his body through such abrasion, and that he would not have died except for the entry of the infection through said abrasion.

It is obvious from an analysis of the above issues and the answers thereto that. the jury found that the alleged injury was a producing cause of deceased's death, when taken in connection with the preceding issues upon which they were predicated.

Further, the jury found that following October 13, 1938, the deceased had an abrasion on his left leg; that the infection from which he died ˙entered his blood stream through said abrasion; that said infection originated in his work for his employer, and that he would not have died except for the entry of said infection through said abrasion.

In the case of Texas ·Employers, Ins. Ass'n v. Mitchell, Tex.Civ.App., 27 S.W.2d 600, 604, under a state of facts similar in many respects to those in the instant case, the court held that: "Injury through infection of a wound is generally classed as a compensable injury under the Compensation Law, in case the proof shows either that the infection entering the wound was peculiarly incident to the work or character of business or that the wound or abrasion of the skin was actually received in the scope of the employment, and thereafter came in direct contact with some infectious or poisonous matter, although such poisonous matter be not traceable to the work or character of business of the employed."

It is undisputed that deceased died from a streptococcic infection of his blood stream which attacked his heart, splean, kidneys and brain. Doctors Dunnam, Priester, and Sanders, witnesses for appellees, each testified that he had examined all known portals of entry of the infection into the blood stream and that in his opinion the infection entered the deceased's blood stream through an abrasion on deceased's leg. The record shows that he worked around oil wells and that his clothing became soiled and greasy.

In the case of Travelers' Ins. Co. v. Smith, Tex.Civ.App., 266 S.W. 574, 575, death was caused by lobar pneumonia resulting from deceased's inhaling chlorine gas. In passing on the question as to when an infection "naturally result[s] from injury", the court in its opinion says: "We think that it is a matter ,of almost common knowledge that any serious injury to the human lungs predisposes those members to the disease of pneumonia, and frequently becomes the exciting and efficient cause of

such disease * * *. By the word 'naturally,' as used in the statute, it is not meant that the disease which is shown to have attacked the victim of the accident is such disease as usually and ordinarily follows the accident; but it was only meant that the injury or damage caused by the accident is shown to be such that it is natural for the disease to follow therefrom, considering human anatomy and the structural portions of the body in their relations to each other."

In the case of Maryland Casualty Company v. Rogers, Tex.Civ.App., 86 S.W.2d 867, 871, deceased's death was admittedly caused by pneumonia. The claimant's theory was that deceased's lungs were damaged by inhaling dust and dirt in the course of his employment. An issue was submitted to the jury inquiring as to whether the injury to deceased's lungs, if any, resulted in the pneumonia from which he died. Appellant took the position that no causal connection was shown to exist between the injury and the subsequent death. The court in answering this contention said: "There must of course be a causal connection between the injury and subsequent death of the employee for the latter to be compensable. Here, there was sufficient evidence of an injury to the lungs, followed immediately by symptoms indicating a predisposition to pneumonia, which in fact resulted, death occurring therefrom in just one week from the time of the alleged injury. The cause set in motion on Friday operated continuously through a sequence of events, each flowing naturally from one to the other, eventuating in death the following Friday. This sufficiently supported the answer to special issue No. 4, supra."

Under the above authorities, we think that appellee not only established the necessary causal connection between the alleged injury and the streptococcic infection, which caused his death, but that in answer to other issues submitted it was established that the death of the deceased would not have occurred at the time it did occur except for the entry of said infection through the abrasion on his leg.

■ In its third proposition appellant contends that there was evidence in the record that the infection from which deceased died, entered his body through channels other than the abrasion on his leg, and in a manner not connected with his employment, and that therefore he died from a disease or infection not arising out of his employment, and that the court erred in failing to submit its requested special issue which reads: "Do you find from a preponderance of the evidence that the death of Williams Smith was not due solely to a disease or infection, or a combination of both disease and infection, not arising out of his work for his employer."

The substance of the above requested special issue was, we think, covered by special issues Nos. 3 (taken in connection with special issues Nos. 1 and 2), 3d, 4 and 5 of the court's charge.

Special issue No. 1 inquired as to whether deceased received an abrasion on the shin of his left leg as a direct result of the wreck which occurred on October 13, 1938. Special issue No. 2 inquired as to whether a streptococcic infection from which he died entered his body through such abrasion. Special issue No. 3 inquired whether the death of deceased would not have occurred on or about the time it did occur except for the entry of the infection through such abrasion. Special issue 3d inquired as to whether the death of deceased would not have occurred except for the entry of the infection through such abrasion.

■ It is well settled law that it is not error for the court to refuse a requested issue which submits in a different form an issue which is covered by the court's charge. Maryland Casualty Co. v. Hill, Tex.Civ.App., 91 S.W.2d 391; Tennessee Dairies v. Seibenhausen, Tex.Civ.App., 99 S.W.2d 323; Arkansas Louisiana Gas Co. v. Max, Tex.Civ.App., 118 S.W.2d 383.

■ The decisions are also uniform in holding that a party is not entitled to the submission of two or more issues relating to the same ground of recovery or matter of defense. Consolidated Underwriters v. Christal, Tex.Civ.App., 135 S.W.2d 127; Guzman v. Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356; Texas & New Orleans Ry. Co. v. Neill, 128 Tex. 580, 100 S.W.2d 348.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.