**UNITED EMPLOYERS CASUALTY CO. v. STEWART.**

**No. 5857.**

Court of Civil Appeals of Texas. Texarkana.

Dec. 3, 1941.

Rehearing Denied Dec. 18, 1941.

his employment as an employee of Rudco Oil & Gas Company. The judgment entered against United Employers Casualty Company, appellant, the insurance carrier, awards appellee 401 weeks' compensation for permanent total incapacity at $20 per week, less 22 weeks' compensation theretofore paid.

Appellant's first proposition complains of the court's refusal to submit special requested issue No. 2, reading: "Do you find from a preponderance of the evidence that the total incapacity, if any you have found, of A. M. Stewart, was not temporary? Answer 'Yes' or 'No'."

The issues submitted and answers made thereto, pertinent to the proposition, follow:

No. 4: "Do you find from a preponderance of the evidence that A. M. Stewart sustained total incapacity as a natural result of said accidental injuries, if any, received by him on or about May 22, 1939? Answer 'Yes' or 'No'."

Answer: "Yes."

No. 5: "If you have answered the preceding Special Issue No. 4 'yes' then answer the following special issue; but if you have answered it 'no' you need not answer the following issue: "Do you find from a preponderance of the evidence that said total incapacity, if any, sustained by A. M. Stewart, on or about May 22, 1939, is permanent? Answer 'yes' or 'no'."

Answer: "Yes."

No. 7: "For what period of time, if any, do you find from a preponderance of the evidence, that A. M. Stewart has sustained or will sustain total incapacity, if any, as a natural result of the injuries, if any, received by him on or about May 22, 1939? Answer giving length of time, if any."

Will R. Saunders, Claude Williams, and W. E. Johnson, all of Dallas, and Sam Holliday, of Houston, and Stinchcomb, Kenley & Sharp, of Longview, for appellant.

White & Yarborough, of Dallas, and Justice & Justice and R. Homer Moore, all of Athens, for appellee.

WILLIAMS, Justice.

In response to special issues the jury found that A. M. Stewart, appellee, sustained accidental personal injuries on May 22, 1939, while working in the course of

Answer: "Permanent."

The term "permanent" was defined in the charge to mean "throughout the lifetime." It is thought that issue No. 7, submitted in the affirmative and unconditionally, covered the inquiry embraced in above-requested issue, phrased in the negative. Issue No. 7 is in all material respects similar to issue No. 40 discussed in Southern Underwriters v. Mowery, 147 S.W.2d 834, 842, wherein this court considered substantially the same proposition here presented, and following Wright v. Traders & General Ins. Company, 132 Tex. 172, 123 S.W.2d 314, concluded adversely to

appellant's position. See also Texas Emp. Ins. Ass'n v. Ebers, Tex.Civ.App., 134 S. W.2d 797.

■ Special issue No. 1 reads: "Do you find from a preponderance of the evidence that A. M. Stewart sustained accidental personal injuries on or about May 22, 1939?"

Appellant's exceptions and objections to this issue is in substance that the issue left the jury free to speculate and conjecture upon the kind and type of injuries which the plaintiff alleged had been received and did not restrict the jury to the pleadings and the testimony. The objection urged to the issue was in general terms. If there were in evidence personal injuries suffered and not pleaded or any pleading not supported by evidence, it was not pointed out. It is without dispute that appellee sustained injuries on May 22, 1939, as the result of an explosion. The matter here presented was fully considered by this court in Southern Underwriters v. Mowery, supra, and we adhere to the conclusions there reached adverse to appellant's contentions. See also Southern Underwriters v. Parker, Tex.Civ.App., 129 S.W.2d 738.

As the result of an explosion, burning crude oil or gas was thrown upon appellee and ignited his clothes. Thirty per cent of his body, which included the neck, ears, face, right arm, chest and abdomen, received either second or third degree burns. One physician estimated ⅘ of his neck was covered with scar tissue as a result of third degree burns. As a result of the burns, appellee was confined in a hospital for eighteen days, and then for six or seven weeks in his home. Without detailing their testimony, several physicians testified that as a result of the injury received in the explosion appellee was then totally and permanently disabled to perform manual labor. To the contrary, Dr. Cupp testified that from his examination in July 1940, it was his opinion that appellee had completely recovered from the effects of the burns, except the places on his ears; that the tops of the ear lobes had been eroded but were completely healed; and the condition of his ears had resulted in a disfigurement.

■ In the second proposition complaint is made of the court's refusal to submit appellant's special requested issues No. 11, 12 and 13. The last reads: "Do you find from a preponderance of the evidence that A. M. Stewart has any disability at this time, other than disfigurement caused by the scars as a result of the burns? Answer 'yes' or 'no'."

Requested issues Nos. 11 and 12 inquire, respectively, if the disfigurement will impair his future usefulness or occupational opportunities, and to what degree or per cent. It is thought that special requested issue No. 13, if raised by above testimony, and if not evidentiary, made inquiry as to partial incapacity. Under special issue No. 8, which was answered in the negative, inquiry was made if appellee "has sustained or will sustain any partial incapacity as a natural result of said injuries, if any, received by him" on the date involved. Then followed a series of questions in regard to partial disability, to be answered in the event No. 8 was answered "Yes." Issue No. 8 submitted the issue of partial incapacity. Appellant's second proposition is overruled.

The attack made upon the admissibility of Dr. Henderson's testimony, complained of in the third proposition, is overruled upon the authority of Brotherhood v. Raney, Tex.Civ.App., 101 S.W.2d 863, 866; Federal Underwriters Exchange v. Wheeler, Tex.Civ.App., 108 S.W.2d 922, 925; Armendaiz v. Stillman, 67 Tex. 458, 3 S.W. 678.

■ It is thought that the remarks made by counsel, complained of in the fifth proposition, did not inform the jury of any fact that had not theretofore been imparted to them from the evidence, namely, Dr. Watkins, who first treated appellee and who did not testify, and Dr. Barrett to whom appellee was sent by appellant's claim adjuster for treatment. See Marek v. Southern Enterprises, 128 Tex. 377, 99 S.W.2d 594.

The judgment is affirmed.