EMPLOYER'S CASUALTY CO. v. SMITH.

No. 12092.

Court of Civil Appeals of Texas. Galveston.

May 12, 1949.

Rehearing Denied June 9, 1949.

Sam H. Hood Jr., and Walter E. Babel, Jr., Houston, Fulbright, Crooker, Freeman & Bates, Houston, of counsel, for appellant.

Mandell & Wright, Houston, Arthur J. Mandell, Houston, of counsel, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workmen's compensation suit brought by appellee, Willie B. Smith, to set aside an award of the Industrial Accident Board in favor of appellant, Employer's Casualty Company, and to recover compensation for total and permanent incapacity alleged to have been the result of an injury sustained by him on May 31, 1946, in the course of his employment with Harris County—Houston Ship Channel Navigation District—who carried compensation insurance with appellant.

The cause was submitted to a jury on special issues. Upon the answer to such issues judgment was entered in favor of appellee for total and permanent disability and for a lump-sum settlement in favor of appellee and his counsel in the sum of $7,-309.90.

Appellant specifically alleged in its pleadings and based its defense in part upon the contention that appellee's disability or incapacity to work, if any, was caused by and resulted solely from disease or from conditions of health wholly unrelated to the accident made the basis of this suit.

Appellee's alleged disability was based upon pain in his lower back which he attributed to an injury claimed to have been sustained on or about May 31, 1946. He testified that he had never had a previous injury or been disabled for manual labor prior to that time. The testimony of the medical experts for both appellant and appellee relating to the origin or cause of such pain was conflicting.

The record reflects that appellee, Willie B. Smith, was employed as a longshoreman by the Harris County Houston Ship Channel Navigation District. Medical witnesses introduced by appellee testified that appellee was totally and permanently disabled as a result of that injury to the lumbar region of his back, which produced a herniation of the disc around the fourth and fifth lumbar vertebrae and aggravated a pre-existing disease of the spine designated as arthritis or osteo-arthritis, which caused the disability found by the jury. Dr. Curtis H. Burge, a witness for appellant, testified that an x-ray taken 19 days after the injury

showed arthritis of appellee's spine that existed long before May 31, 1946, and that the injury of May 31, 1946 could have and probably did aggravate the pre-existing disease of arthritis. It is undisputed that appellee had done hard manual labor all his life without difficulty or attending disability.

Appellant assigns error in the refusal of the court to submit Special Issues Nos. A and B to the jury. Special Issue (A) reads: Do you find from a preponderance of the evidence that plaintiff's incapacity since May 31, 1946, if any such incapacity you have so found, was not caused solely by disease? Special Issue (B) reads: Do you find from a preponderance of the evidence that plaintiff's incapacity since May 31, 1946, if any such incapacity you have so found, was not caused solely by some condition of health as distinguished from an accidental injury occurring on or about May 31, 1946, and made the basis of this suit?

The substance of the above requested issues was, we think, covered by Special Issue No. 11, which reads: "Do you find from a preponderance of the evidence that the plaintiff's incapacity since May 31, 1946, if any such incapacity you have so found, was not occasioned solely as the result of a disease existing before May 31, 1946?" To which the jury answered "It was not".

It is well settled that it is not error for the court to refuse a special issue which submits in a different form an issue which is covered by the court's charge, and that a party is not entitled to the submission of two or more issues relating to the same ground of recovery or matter of defense. Texas Indemnity Ins. Co. v. Smith, Tex.Civ.App., 143 S.W.2d 448; Maryland Casualty Co. v. Hill, Tex.Civ.App., 91 S.W.2d 391; Tennessee Dairies v. Siebenhausen, Tex.Civ.App., 99 S.W.2d 323; Arkansas Louisiana Gas Co. v. Max, Tex.Civ.App., 118 S.W.2d 383; Consolidated Underwriters v. Christal, Tex.Civ.App., 135 S.W.2d 127; Guzman v. Maryland Casualty Co., 130 Tex. 62, 63, 107 S.W.2d 356.

Courts of this State have uniformly held that an injury producing disability is compensable even though such disability was caused in part by a disease which was aggravated by the injury.

In the case of Commercial Standard Insurance Company v. Moack, Tex.Comp. App., 62 S.W.2d 72, 74, the court in its opinion said: "In connection with the above we hold that it is the settled law of this state that liability for damages for personal injury cannot be avoided by merely showing that the person injured was not a well person at the time of injury."

In Zellerbach v. Associated Employers Lloyds, 200 S.W.2d 653, this Court, speaking through Justice Graves, said: "Our authorities are a unit in holding that such a pre-existing condition neither defeats a claimant's right to subsequent compensation for alleged new incapacity, nor reduces the amount recoverable therefor, unless the pre-existing condition has been shown to have been the sole cause of the employee's present incapacity." Citing authorities.

In Texas Employers Insurance Association v. Parr, 30 S.W.2d 305, 308, the Commission of Appeals, in an opinion adopted by the Supreme Court, said: "If the employment, in which the employee was engaged at the time the injury was inflicted, was the direct producing cause of such injury, the law allows compensation, notwithstanding the fact may be that, at the time the employee received the injury, he was suffering from age or disease to such an extent as had the effect to materially impair his capacity to perform for his employer as much labor as a young and healthy man could perform. If the condition of Parr, at the time he received the injury, was the result of disease, and that the injury, which he had received, was not the direct producing cause of the injury, then in such case Parr would not be entitled to recover anything, for the reason that his condition was not the result of any injury, but was the result of disease. Upon the other hand, even though Parr was diseased to such an extent as to impair his capacity to perform labor to the extent of 25 per cent, yet if, in the course of his employment, he received an injury, which totally and permanently disabled him, the fact that he was partially incapacitated from disease

would not prevent him from recovering compensation for the full amount which, under the law, he was entitled to receive without reference to the disease. An injury may be caused by an accident, although no injury would have been suffered but for the existence of disease, which was aggravated by the accident, but it is the accident, resulting in an injury, for which the law gives compensation, measured, of course, by the average weekly wage of the injured employee."

In the case of Hood v. Texas Indemnity Insurance Co., Tex.Sup., 209 S.W.2d 345, 348, under a factual situation almost identical with that in the instant case, the Supreme Court held that "* * * under the Workmen's Compensation Law the injury need not be the sole cause of the disability. If it is a producing cause, the employee is entitled to full compensation to the extent of such disability, even though other factors also contributed to the disability."

The jury found on what we deem to have been sufficient evidence that appellee sustained the injury complained of on May 31, 1946, and that it was the producing cause of his incapacity. It found in answer to said Issue No. 11 that appellee's incapacity since the date of his injury was not occasioned solely as the result of a disease existing before May 31, 1946.

Appellant contends that the evidence in the record is insufficient in law to support the jury's findings to special issue 12 that there were other employees of the same class as appellee who worked substantially the whole of the year immediately preceding May 31, 1946, in the same or similar employment as appellee, and in answer to special issue 13 that the average daily wage of an employee of appellee's class was $12.00.

The testimony of the witness Cunine that he knew of his own knowledge that there were employees of the same class working substantially the whole of the year immediately preceding May 31, 1946, as longshoremen on the waterfront in Houston and that such employees made $15 to $20 per day, was, we think, sufficient to support the jury's answer to special issue 13. However, appellant admitted in its pleading and stipulated in the record that it had paid appellee compensation for a period of four weeks at the rate of $20 per week.

In the recent case of Texas Employers Insurance Association v. Hodnett et ux., Tex.Civ.App., 216 S.W.2d 301, the court said that where a jury found that insured had paid Workmen's compensation for 16 weeks for injury at the rate of $16.50, and judgment was rendered for employee on such rate and there was nothing in the record to show that this wage rate was not correct, judgment for employee was not erroneous on the ground that employee had failed to make proper proof of her wage rate. (Citing authorities).

In the case of Texas Employers Insurance Association v. Hamor, Tex.Civ.App., 97 S.W.2d 1041, 1043, the court, in holding that proof of this character was sufficient to establish the weekly wages of employees similarly employed by other companies, said: "The appellant contends that the evidence is insufficient to establish the amount of plaintiff's weekly wages, or the weekly wages of employees similarly employed by other companies in that vicinity, during the previous year. It must be admitted that the evidence upon that point is meager, but it was shown that after the injury and prior to the institution of the suit, the appellant paid plaintiff weekly wages for several weeks and without protest. If it be admitted that the proof is insufficient, appellant has admitted its liability to that extent, and is estopped by its action."

In the case of Traders & General Insurance Company v. Slusser, Tex.Civ.App., 110 S.W.2d 598, the record showed that appellant had paid appellee compensation after his injury at the rate of $20 per week. The court held that in the absence of a showing that it did so as a result of a misrepresentation or mistake it would be estopped to deny that the $20 per week was based upon the proper wage rate. Citing authorities.

Finding no reversible error in the record, judgment of the trial court will be, in all things, affirmed.