LIBERTY MUT. INS. CO. v. TAYLOR.

No. 12324.

Court of Civil Appeals of Texas. Galveston.

Oct. 25, 1951.

Rehearing Denied Dec. 6, 1951.

Kemper, Wilson & Schmidt, Houston, and Karl E. Kraft, Houston, of counsel, for appellant.

Mabel G. Howell, Albert P. Jones and Helm & Jones, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a compensation suit brought by appellant, Liberty Mutual Insurance Company, to set aside an award of the Industrial Accident Board in favor of appellee, Raymond A. Taylor, for compensation benefits under Section 12, Art. 8306, Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. art. 8306, § 12, alleged to be due for injuries received by him in the course of his employment with Continental Can Company, Inc., who carried compensation insurance with appellant.

Appellee alleged that in the course of his employment with appellant he had received injuries to his left hand and middle finger thereof, which resulted in the total loss of use of the left hand for fifteen weeks and in a 50% partial loss of use of the hand which condition would be permanent or would extend beyond a period of 150 weeks after August 2, 1949. Appellant answered by general denial and by a special plea that whatever injury appellee may have received could not extend to or affect other portions of his body than his left third finger and that such injury and its effects have been and would be confined solely to such specific portion of his body. Appellant alleged that it had voluntarily paid to appellee $67.85 and sums of money for medical treatment rendered to appellee.

In answer to special issues submitted, a jury found that appellee had sustained the total loss of the use of his left hand from the injury complained of and that he had sustained or would sustain 50% permanent partial loss of the use of his left hand from November 16, 1949; that the injury to appellee's finger had extended to other parts of his left hand and was not confined entirely to his left middle finger and that the loss of the use of appellee's left hand had not resulted solely from the loss of the use of his middle finger of his left hand.

Judgment was entered in favor of appellee for $25.00 per week for temporary total loss of use of his left hand for a period of 15 weeks from and after August 2, 1949, less the sums that had been paid, and for compensation benefits at the rate of $15.79 per week for permanent partial loss of use of his left hand for a period of 68 weeks from and after November 16, 1949. Appellee was also awarded the sum of $1,464.-35 on account of accruing weekly benefits.

The primary issues made by the pleadings in this action are: (1) the extent of the injury sustained by appellee as a result of the injury to his middle finger and left hand and the percentage of the losses received by appellee, and, (2) whether said injuries extended to other parts of appellee's left hand.

Appellant relies upon eight points of assigned error. Under its first point, appellant contends that the trial court committed error in refusing to submit its requested issues inquiring as to whether or not the injury alleged and the effects thereof extended to other portions of appellee's body and whether any incapacity resulted to said finger by reason of said injury and whether such incapacity was temporary or permanent, partial or total, and the percentage thereof. This contention cannot, we think, be sustained for the reason that the same issues had been substantially submitted in Issues Nos. 9 and 11.

Special Issue No. 9 of the court's charge inquired as to whether the injury to appellee's finger had affected and extended to other parts of his left hand and Special Issue No. 11 inquired as to whether the loss of the use of appellee's left hand, if the jury had so found, resulted solely from the loss of the use of his middle finger.

The substance of the requested issues was, we think, covered by Issues Nos. 9 and 11.

It is well settled that it is not error for the court to refuse a requested issue which submits in a different form an issue which is covered by the court's charge. Texas Indemnity Insurance Co. v. Smith, Tex.Civ.App., 143 S.W.2d 448, Maryland Casualty Co. v. Hill, Tex.Civ.App., 91 S. W.2d 391, Tennessee Dairies v. Seibenhausen, Tex.Civ.App., 99 S.W.2d 323, Arkansas Louisiana Gas Co. v. Max, Tex. Civ.App., 118 S.W.2d 383.

The decisions are also uniform in holding that a party is not entitled to the submission of two or more issues relating to the same ground of recovery or matter of defense. Consolidated Underwriters v. Christal, Tex.Civ.App., 135 S.W.2d 127, Guzman v. Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356, Texas & New Orleans Ry. Co. v. Neill, 128 Tex. 580, 100 S.W.2d 348.

The only affirmative defensive issues available to appellant in this case are those which would have defeated appellee's claim. These defensive issues were, we think, submitted by the trial court. Texas Employers Insurance Ass'n v. Patterson, 144 Tex. 573, 192 S.W.2d 255, Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463.

In the case of Texas Employers Insurance Association v. Patterson, supra, the Supreme Court reversed the trial court because the affirmative issue on the loss of the use of the hand was submitted conditionally upon the negative answer to a defensive issue.

Appellant relies upon the Patterson case and also on the case of Great American Indemnity Company v. Kingsbery, Tex.Civ.App., 201 S.W.2d 611, in which Kingsbery sought to recover for general injuries resulting from an injury to his foot, leg and eye. The Court of Civil Appeals reversed the trial court because it submitted the case to the jury on the general injuries rather than on the theory of specific injuries raised by the pleadings and proof.

Since the trial court's charge substantially submitted appellant's specially requested Issues Nos. 1 and 25 in Special Issues Nos. 9, 10 and 11, under Rule 279, Texas Rules of Civil Procedure, which provides in effect that the court shall submit only the controlling issues made by the pleadings and evidence, it was not error, we think, for the court to refuse to submit them again. American Employers Insurance Company v. Climer, Tex.Civ.App., 220 S.W.2d 697, Lumbermen's Mutual Casualty Company v. Zinn, Tex.Civ.App., 220 S.W.2d 906, writ refused.

Appellant's specially requested Issues Nos. 2, 3, 4, 5 and 6 were, we think, properly refused by the trial court for the reasons that the Special Issue No. 2 was submitted conditionally upon appellant's specially requested Issue No. 1 and because these issues are not controlling or affirmative defensive issues in the case and their answers would not have supported a judgment in favor of appellant.

Under its second point appellant contends that Special Issues Nos. 1 and 9, which inquired as to whether the injury to appellee's finger was a producing cause of any loss of the use of his hand and as to whether said injury extended to other parts of his left hand, each assumed an injury to the finger as a whole and that they constitute a comment on the weight of the evidence.

The evidence in the record is, we think, undisputed that appellee sustained a compensable injury under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., on August 2, 1949, and that the injury was to the middle finger of the left hand. Issues Nos. 1, 9 and 10 are definitely and specifically confined to the injury of the middle finger and to the injury that occurred on August 2, 1949.

It is well settled that allegations of a greater injury permit recovery for a lesser and includes the lesser injury, therefore, the allegations of an injury to a finger are entirely consistent with proof of an injury to some portion thereof. Traders & General Insurance Company v. Snow, Tex.Civ.App., 114 S.W.2d 682, Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463.

Since there was no real dispute that appellee sustained an injury to his middle finger or portion thereof, the court could

properly assume injury to the finger under the written pleadings and proof for the purpose of inquiring of the jury the extent of such injury and the degree and duration thereof.

In Lloyd's Casualty Company of New York v. Grilliett, Tex.Civ.App., 64 S.W.2d 1005, 1006, writ refused, the court said in part: "The disputed issue was as to the extent of the injury received; therefore the court was not in error in assuming there was some injury in his submission of the above issue, nor is it reversible error because the issue is duplicitous in this respect. * * * 'The rule, which forbids the judge to charge upon the weight of evidence, does not require or authorize him to assume as doubtful, that which is clear and indisputable. * * * Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact; and the charge of the Court should proceed upon that basis.'"

Under its fourth point appellant contends that the trial court erred in submitting Special Issue No. 10 for the alleged reason that such issue permitted the jury to speculate on the subject of the injury and to go outside the pleadings and proof tendered by plaintiff. Special Issue No. 10 inquires as to whether the jury found that the injury received by appellee and its disabling effects, "* * * if any, was not confined entirely to his left middle finger."

▉ This contention cannot, we think, be sustained. The issue as framed appears to be limited to the injury received by Raymond A. Taylor on August 2, 1949. No other injury was pleaded or proved. It was shown without dispute that appellee received an injury to his left middle finger on August 2, 1949. It cannot, we think, be argued that the jury was misled into thinking that there was some other injury that appellee had received. Southern Underwriters v. Mowery, Tex.Civ.App., 147 S.W.2d 834, United Employers Casualty Company v. Stewart, Tex.Civ.App., 157 S.W.2d 178, Southern Underwriters v. Parker, Tex. Civ.App., 129 S.W.2d 738, writ refused.

In the case of Texas Power & Light Company v. Hering, Tex.Civ.App., 224 S.

W.2d 191, 193, the Supreme Court, in considering the question of whether the trial court erred because of its failure properly to charge the jury on the limited nature of the easement taken, said: "* * * We know juries are composed of reasonable and intelligent men and we do not see how the jury could have been misled as to the nature of the easement taken, when you consider the whole of this record. Therefore, we hold that any error of the court in failing to charge as requested by the power company was harmless under the provisions of Rule 434, and that the power company has not shown that the error complained of amounted to such a denial of its rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

▉ Under its 6th and 7th points appellant contends that the court erred in instructing the jury that neither total loss of the use of the hand nor partial loss of the use of the hand, as such terms were used in the charge, could exist where an injury and its effects are confined solely to the finger, over appellant's objections that such instruction constituted a comment on the weight of the evidence. The instruction objected to was an instruction given by the court under Rule 277, Texas Rules of Civil Procedure, which provides that the court shall submit such explanatory instructions as shall be necessary to enable the jury to render a verdict in the issues submitted. Appellant's objections to the charge does not, we think, constitute reversible error.

▉ Under its 8th point appellant contends that the court committed fundamental error in entering a judgment for plaintiff for compensation benefits in excess of the maximum provided by Section 12, Art. 8306. Appellee admitted that appellant's point is well taken to the extent that the judgment exceeds the amount which appellee requested in his prayer. The maximum period for compensation benefits for loss of use of a hand is 150 weeks under Section 12 of said Art. 8306, therefore, that part of the judgment which provides for weekly benefits for 83 weeks from Febru-

ary 26, 1951, is here reformed and corrected so as to read 67 weeks from that date. Appellee has submitted that he will file a remittitur, if that is required, under Rule 440 of Texas Rules of Civil Procedure, to reduce the judgment.

It follows from the above conclusions that the judgment of the trial court is here reformed as set out herein and that after such reformation the judgment of the trial court be in all respects affirmed.

The judgment of the trial court is reformed, and as reformed, affirmed.