### CONSOLIDATED UNDERWRITERS v. MILLER.

### No. 2847.

Court of Civil Appeals of Texas. Beaumont.

Dec. 5, 1935.

C. A. Lord, of Beaumont, and J. R. Bogard, of San Augustine, for appellant.

Houston & Johnson, of Dallas, and W. T. Davis, of San Augustine, for appellee.

O'QUINN, Justice.

This is an action to recover compensation under the Workmen's Compensation Law of this state (Vernon's Ann.Civ.St. art. 8306 et seq.). Roy Miller was the employee; the Trout Creek Lumber Company, the employer; and appellant, Consolidated Underwriters, the compensation insurance carrier. On May 18, 1933, while in the due course of his employment, appellee received a compensable injury. His claim for compensation was duly filed with the Industrial Accident Board. Not being satisfied with the award of the board, he gave due notice of appeal, and filed this suit in the district court of San Augustine county to set aside said award and to recover compensation.

The defendant, appellant, answered by general denial, and specially that it had recognized its liability, and accordingly had paid to appellee compensation for 44 weeks at the rate of $7 per week, said 44 weeks beginning on May 18, 1933, and ending March 21, 1934; and further alleged that the injuries received by appellee on May 18, 1933, had terminated and that appellee had fully recovered from his said injuries on March 21, 1934, and that appellant had fully paid appellee all compensation he was entitled to receive on account of his said injuries, and that he was not entitled to any further compensation, and pleaded full payment.

The case was tried to a jury upon thirteen special issues, in answer to which they found: (a) That appellee's injuries resulted in total incapacity; (b) that his total incapacity began on May 18, 1933; (c) that said total incapacity was permanent; (d) that no other employee was engaged in the same or similar employment as appellee in the same or a neighboring place, for substantially the whole of the year immediately preceding appellee's injury; (e) that appellee's average weekly wage was $6.85; and (f) that appellee should receive compensation in a lump sum. The other issues were not answered under instructions of the court as depending upon the nature of answers given to other issues. Judgment was entered in favor of appellee as for total and permanent disability for a period of 401 weeks at the minimum rate of $7 per week, with statutory discounts.

By its second, third, and fourth assignments of error, respectively, appellant asserts that the court erred in failing to submit to the jury special issues as to: (a) Whether appellee had recovered from the injuries received by him on May 18, 1933; (b) whether or not appellee, at the time of the trial, was able to perform the same character of work he was performing at the time he received his injuries, May 18, 1933; and (c) whether or not appellee, at the time of the trial, was able to perform the usual tasks of a laborer; that each of said issues were raised by the pleading and the evidence; and that exceptions to the court's charge had been duly taken because such issues were not submitted therein, and request for the submission of said special issues duly made, and such exceptions and request overruled and denied.

The issues requested were matters of defense, either of which, if found by the jury, would have defeated appellee's claim of total and permanent disability. The refusal of these special issues was error for which the judgment will have to be

reversed and the cause remanded for another trial.

Assignments of error are leveled at the court's failure to submit special issues as to whether, if appellee was still suffering disability from the effects of his injuries, such disability was confined to the right leg, or left arm, or to both the leg and the arm. Appellee pleaded a case of total and permanent disability resulting to his whole body from the various injuries (to the left arm, the right leg, broken ribs, mashed chest, and hurts and bruises to other parts of his body) received by him. That such may be the result of an injury to some specific member of the body was held by this court in Lumbermen's Reciprocal Association v. Anders, 292 S.W. 265 (writ refused). There the total and permanent disability resulted from a broken leg. However, appellant's general denial permitted it to prove any matter of defense that would defeat appellee's claim of total and permanent disability, and there was sufficient evidence to raise the issue of disability, if same still existed at the date of the trial, that same was confined either to the leg, or arm, or both the leg and the arm. The court refused to submit such special issues, and this was error. Indemnity Ins. Co. v. Boland (Tex.Civ. App.) 31 S.W.(2d) 518; Texas Employers' Ins. Ass'n v. Galloway (Tex.Civ.App.) 40 S.W.(2d) 973.

The judgment is reversed, and the cause remanded.