CONSOLIDATED UNDERWRITERS V. A. LANGLEY.

No. 8015. Decided April 21, 1943.
(170 S. W., 2d Series, 463.)

*C. A. Lord,* of Beaumont, for petitioner.

*Adams & Hillin,* of Jasper, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

A. Langley, an employee of Wier Long Leaf Lumber Company, sued Consolidated Underwriters under the Workmen's Compensation Statutes to recover for injuries sustained by him in the course of his employment. The case was submitted to the jury on special issues, and based upon the answers of the jury the trial court entered judgment in favor of Langley against the Consolidated Underwriters for total permanent incapacity for 401 weeks at $9.36 per week, due and payable in a lump sum, less a credit of $534.80 which had already been paid Langley. Consolidated Underwriters appealed to the Court of Civil Appeals, and that court affirmed the judgment of the trial court, in an opinion not published.

Langley alleged that in the court of his employment he "suffered a severe compound comminuted fracture of the proximal third of the tibia, and distal third of the fibula of his right leg." He further alleged that, as a result of such injury, the bones in his right leg were crushed, and as a result of the crushing of such bones there is a considerable overlaping of the broken ends of same, and that there is a conspicuous knot or bony spur projecting just beneath the skin on the anterior surface of the proximal third of the tibia; that as a result of such accident he suffered considerable misalignment of the pelvic bones, because of the shortening of his right leg, and that as a result of such shortening the functions of his hips and sacro-iliac regions are greatly interfered with. He further alleged that, as a result of such injury and the crushing of the bones in his right leg, injuries were produced in other parts of his body, as complained of in his petition, and that he was totally and permanently incapacitated, and was entitled to recover for a general injury. There was evidence to support the allegations of Langley. The insurance company alleged that the injuries sustained by Langley consisted of a fracture of the bones of his right leg between the knee and the ankle, and that his claim was for a specific injury.

Special Issue No. 1 and the jury's answer thereto were as follows:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that A. Langley sustained a personal injury on or about April 11, 1940? Answer 'Yes' or 'No.'

"Answer: 'Yes.' "

In answer to other issue the jury found that the employee was injured in the course of his employment, and it resulted in the employee's total and permanent incapacity to work.

Special Issue No. 26 and the jury's answer thereto were as follows:

"Special Issue No. 26.

"Dou you find from a preponderance of the evidence that the total incapacity, if any, of A. Langley to work was due solely to the injury and loss of the use of his right leg?

"Answer: 'Yes.' "

Based upon the foregoing findings, the court awarded compensation for total and permanent disability for 401 weeks for a general injury.

Before any judgment was rendered in the trial court, petitioner moved the court to render judgment in favor of respondent for the compensation arising for the specific injury sustained to his right leg for a period of 125 weeks. This motion was based upon the jury's answer to Special Issue No. 26. Petitioner complained in his motion for rehearing that the trial court erred in not rendering judgment for respondent for compensation covering a period of 125 weeks, less $534.80 already paid him, as for a specific injury. This motion was based on that part of Section 12 of Article 8306 which reads:

"For the loss of a foot, sixty per cent of the average weekly wages during one hundred and twenty-five weeks."

Section 12 of Article 8306 further provides:

"For the loss of a leg at or above the knee, sixty per cent of the average weekly wages during two hundred weeks."

Section 10 of Article 8306 reads as follows:

"While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent of his average weekly

wages, but not more than $20.00 nor less than $7.00 and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury."

■■ If Langley had sued for a specific injury to his right leg, at or above the knee, and it appeared that his total incapacity resulted solely from such injury to his right leg, and the jury had so found, then his claim would be limited to that part of Section 12 of Article 8306 which allows a recovery for weekly wages during two hundred weeks. Furthermore, if Langley had alleged that he had received general injury, and it appeared from the evidence, and the jury had so found, that he did not sustain a general injury, but sustained only a specific injury to his right leg below the knee, then he would be only entitled to recover for weekly wages during one hundred and twenty-five weeks. But in this instance Langley sued for a general injury to his body, produced by an injury to his right leg, and alleged that the injury to his right leg caused other parts of his body to be affected, which produced total and permanent incapacity. Where injury results to a particular member of the body, compensation for the loss of which is specifically provided by statute, the liability of the insurer in limited to that amount, even though the loss of or injury to that particular member actually results in total permanent incapacity of the employee to labor. But an employee is not precluded from recovering for total incapacity if he alleges and proves that the injury to the particular member also extended to and affected other portions of his body, or impaired his general health to such an extent as to totally and permanently incapacitate him. If this question is determined in favor of claimant, then he is entitled to recover under Section 10 of Article 8306. Southern Underwriters et al v. Boswell, 138 Texas 255, 158 S. W. (2d) 280; Petroleum Casualty Co. v. Seale (Com. App.), 13 S. W. (2d) 364; Texas Employers Ins. Assn. v. Neatherlin (Com. App.), 48 S. W. (2d) 967; Texas Employers Ins. Assn. v. Moreno (Com. App.), 277 S. W. 84; Lumbermen's Reciprocal Assn. v. Anders (Civ. App.), 292 S. W. 265 (writ refused); Federal Underwriters Exchange v. Simpson (Civ. App.), 137 S. W. (2d) 132 (writ refused); Mitchell v. Fidelity Casualty Co., 43 Fed. Sup., 900; Texas Law Review, Vol. 18, p. 365; 45 Tex. Jur., p. 612, sec. 178.

Petitioner excepted to the submission of Special Issue No. 1, because it in no way related to his claim for compensation as for total and permanent disability, and because the issue simply permitted the jury to find that plaintiff sustained a personal injury, which fact was not disputed by petitioner, and that it

did not submit to the jury the question as to whether or not any other portion of his body was affected by the injury received by him.

It will be noted that Special Issue No. 1 submitted only the question as to whether or not the employee sustained an injury, and not the question as to whether or not his injury was a general one. The original blow or injury sustained by the employee was to his leg below the knee; but there was evidence that the injury so received affected other portions of his body. No issue was submitted, however, as to whether or not such injury affected any other portions of his body.

Our opinion in this case is in nowise in conflict with the case of Southern Underwriters et al v. Boswell, 138 Texas 255, 158 S. W. (2d) 280, because in the Boswell case the question of a specific injury was not involved. What was said in that case about a specific injury was said merely for the purpose of making it clear that we were there dealing only with a general injury, and that the rule announced therein would not necessarily apply in a case involving a specific injury.

■ As previously stated, the original blow or trauma was to Langley's leg below the knee. It was Langley's contention that the injury to his leg spread to and affected other portions of his body. There was evidence to support this contention. On the other hand, the insurance company contended that the injury was confined solely to the leg, and that no other part of the body was affected. There was evidence to support this contention. In such a case, where the trauma or injury complained of is to a limb, for which the statute allows specific compensation, and the employee is seeking recovery for a general injury, and the evidence on the issue is in dispute, the burden is on the employee to secure a finding that other portions of his body were affected. In view of the exceptions made by petitioner, the trial court was not authorized to imply a finding favorable to Langley on such unsubmitted issue. Rule 279, Texas Rules of Civil Procedure; Article 8307, Section 5, Vernon's Annotated Civil Statutes; 45 Tex. Jur., p. 809, sec. 295.

Petitioner contends that by virtue of the jury's answer to Special Issue No. 26 it was the duty of the trial court to render judgment for Langley for compensation for a specific injury, covering a period of 125 weeks. The jury in answer to Special Issue No. 26 found that the employee's total *incapacity* was *due* solely to the injury to and loss of the use of his right leg. It, how-

ever, did not submit the real issue—that is, whether or not the *injury affected* other portions of his body or was *confined* solely to his leg below the knee.

Thus we have a case where there is an absence of jury findings upon issues that are essential to sustain a judgment for respondent for a general injury. Nor will this record justify this Court to enter judgment limiting respondent to a specific injury, as requested by petitioner. Therefore the judgments of the trial court and Court of Civil Appeals are both reversed, and the cause is remanded to the trial court for a new trial.

·Opinion delivered April 21, 1943.