Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The brief filed by the State's Attorney before this Court reflects the views of the Court and is adopted as its opinion, viz.:

"This is an appeal from the County Court of Lubbock County, Texas, from a conviction for failure to exhibit an operator's license on demand, the punishment, a fine of $200.00.

"The prosecution, however, originated in the Justice Court of Precinct No. 1, Place No. 2, in Lubbock County, wherein the defendant was charged by complaint, (eliminating the formal part thereof), 'C. R. Barber did then and there unlawfully, while operating an automobile upon a street, within the City of Lubbock, Lubbock County, Texas, fail to display an operator's license upon demand to do so by a peace officer, against the peace and dignity of the State.' This complaint was apparently brought under the provisions of Article 6687b, sec. 13 of the Civil Statutes of Texas, which reads as follows:

" 'Sec. 13. License to be carried and exhibited on demand. Every licensee shall have his operator's, commercial operator's, or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same, upon demand of a magistrate or any officer of a court of competent jurisdiction or any peace officer. It shall be a defense to any charge under this Section that the person so charged produce in court an operator's, commercial operator's, or chauffeur's license theretofore issued to such person and valid at the time of his arrest.'

"It will be noted that the statute provides that every licensee shall have his operator's, commercial operator's or chauffeur's license in his immediate possession at all times when operating a motor vehicle. It therefore occurs to us that it is absolutely necessary for the State to allege and prove that the accused was, on the date of the alleged offense, a licensee, for, as we construe the statute above quoted, it applies specifically to a licensee and unless the person accused was a licensee, we fail to understand how he could be guilty of violating the provisions of this portion of the statute in failing to display same upon demand."

In holding the complaint insufficient to charge an offense under the statute mentioned, we are not to be understood as passing upon the validity of the statute. That question is not before us and is not decided. What we hold is that the instant complaint does not charge an offense under the statute.

Accordingly, the judgment of the trial court is reversed and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**TRAVELERS INS. CO. v. DAVIS et al.**

No. 4318.

Court of Civil Appeals of Texas. Beaumont.
Dec. 6, 1945.

Rehearing Denied Jan. 9, 1946.

hand, breaking the bones thereof and causing other injuries to the hand, whereby she lost the use of her right hand; in the alternative she pleaded that if she had not lost the use of her hand then she has lost one finger and a part of another finger, and in addition thereto "suffered total, temporary disability for a period of 26 weeks during which time she was unable to work and labor because of her said injury, for which she is additionally entitled to compensation." By a trial amendment, Annie Mae Davis also pleaded that "she had alleged loss of the use of her right hand and claims compensation for 150 weeks therefor, but in the event she shall be mistaken in this then alternatively she says that she has in addition to the specific loss of one finger and part of another, suffered a partial loss of the use of her hand and she prays that she be allowed to recover for same in the event that there shall be a finding of no total loss of the use of said hand."

The Travelers Insurance Company defended with exceptions and general denial and by special denial that Annie Mae Davis had lost the total use of her right hand and pleaded that her injuries and incapacity were confined to the specific injuries of the loss of one finger and the loss of two phalanxes of another finger.

During the course of the trial it was stipulated by counsel for both parties that Annie Mae Davis sustained the loss of the third or ring finger of her right hand and the distal phalanx and three-quarters of the second or middle phalanx of the middle or second finger of the right hand, entitling her to 60 per cent of her wage rate for a period of 38½ weeks.

The case was tried to a jury and upon special issues submitted by the court the jury found in its verdict that Annie Mae Davis suffered a total temporary disability for a period of 26 weeks from the date of her injury, May 18, 1943; that she sustained an injury to her hand other than the loss of two fingers which resulted in a five per cent partial loss of the use of her right hand for a period of nine months beginning November 18, 1943; that the average weekly wage of an employee of the same class, etc., was $25; that the partial loss of the use of her hand did result solely from the loss of the two fingers in question; that the partial loss of the use of her hand was not the result of some cause not attributable to the accident.

Charles S. Pipkin, of Beaumont, for appellant.

David E. O'Fiel, of Beaumont, for appellee.

MURRAY, Justice.

Annie Mae Davis and her husband brought suit in the district court of Jefferson County against The Travelers Insurance Company under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., for injuries sustained by her in the course of her employment with an industrial firm in Beaumont. She alleged that while she was at work in the course of her employment a pole fell upon her

The accident to Annie Mae Davis occurred to her on May 18, 1943; the case was tried February 7, 1945. She married John Arthur Davis in January, 1944.

On the stipulation of counsel and the verdict of the jury the court entered judgment for Annie Mae Davis against The Travelers Insurance Company for 37½ weeks compensation at $15 per week for the loss of her fingers, totalling the sum of $562.50, and giving to the Insurance Company credit of $84.07 for payments already made to her; for both plaintiffs, for 26 weeks disability at the rate of $15 per week, in the sum of $390; for both plaintiffs for five per cent disability for a period of nine months, or 39 weeks beginning November 18, 1943 at the rate of 75 cents per week in the total sum of $29.25. The motion for new trial of The Travelers Insurance Company was overruled and it has duly perfected its appeal from the judgment of the court. No complaint is made by either party as to the discrepancy between the stipulation for 38½ weeks and the judgment for 37½ weeks for the loss of the fingers.

The appellant, The Travelers Insurance Company, in its objections to the court's charge, attacked the action of the court in submitting to the jury the issues involving the question of a general injury and in its motion for a new trial assailed that portion of the judgment which awarded compensation for 26 weeks for general injury, in addition to compensation for the specfic injuries of the loss of fingers and the partial loss of the use of appellee's hand.

■ Under the compensation law, an injured employee is entitled to compensation for specified numbers of weeks for certain specific injuries set out in the statute. The number of weeks of compensation thus allowed for a specific injury is fixed by such statute without regard to the length of time the injured employee may be disabled from work as the result of such specific injuries. Thus an injured employee might be awarded compensation for 100 weeks under a specific injury and return to work within one month thereafter. The injury resulting in compensation may be a specific injury, or several specific injuries, or a general injury. If the disability extends beyond the injured member to other parts of the workman's body generally, then an injury to a member of the workman's body will become a general injury and will be compensated as such. An injured workman however can not be compensated for the same injury both as a specific and as a general injury. See Texas Employers Insurance Ass'n v. Neely, Tex.Civ.App., 189 S.W.2d 626; Langley v. Consolidated Underwriters, 141 Tex. 78, 170 S.W.2d 463; Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364; Article 8306, Revised Civil Statutes of Texas.

■ We believe therefore that the learned trial court erred in entering judgment for the appellee for 26 weeks total disability in the sum of $390, in addition to the award for the specific injuries. There was no testimony in the record, and no submission of any issue to the jury for a finding, that the injuries to the appellee's fingers and hand extended to other parts of her body generally. Under the case of Langley v. Consolidated Underwriters, supra, such facts and such a finding are necessary before an injury to some specific member of a workman's body can be regarded as a general injury.

■ The appellant by its 9th point questions the action of the court in rendering judgment for Annie Mae Davis alone without reference to her husband who had joined her in said suit. It says that since the husband was a party to the suit he should have been included in the judgment. No authority is cited by either party. We overrule this contention. The judgment awards to "plaintiff Annie Mae Davis" the 37½ weeks compensation for the loss of fingers. It awards to "plaintiffs" the 26 weeks compensation for temporary total disability. It awards to "plaintiffs, Annie Mae Davis and John Davis, her husband," the five per cent 39 weeks compensation for loss of the use of Annie Mae Davis' hand. It also contains a judgment for costs in behalf of "plaintiffs." Under the facts of this case, this amounts to a sufficient disposal by the judgment of the parties. Whitmire v. Powell, 103 Tex. 232, 125 S.W. 889. The injury to Annie Mae Davis occurred prior to her marriage, and the compensation payments matured before her marriage. The subject matter of the controversy was a part of her separate estate. There was no error in adjudging a part of the award to her and a part to her and her husband.

The judgment of the trial court is reformed by striking therefrom that portion which awards to the appellee $390 for 26 weeks total temporary disability, and the judgment as reformed is affirmed.