W. R. GODWIN V. TEXAS EMPLOYERS INSURANCE ASSOCIATION.

No. A-922. Decided June 12, 1946.
(195 S. W., 2d Series, 347.)

*Robertson, Leachman, Payne, Gardere & Lancaster,* of Dallas, for respondent.

*White & Yarbrough* and *W. E. Johnson,* all of Dallas, for petitioner.

PER CURIAM : This case is before this court on application for writ of error filed on behalf of W. R. Godwin. It is a suit for compensation on account of a wound sustained originally to Godwin's third or distal phalange of the second finger of his right hand. In the trial court compensation was sought and awarded for the loss of the use of other members resulting from, and growing out of the original wound to his finger. There was no issue submitted to the jury and, therefore, no finding that the original injury extended to and affected other portions of the body or that such injury was not confined solely to the finger. By objections to the charge and requests for special issues, as reflected in the opinion of the Court of Civil Appeals, respondent preserved the question for review on appeal. There was some evidence that such injury did spread to other members.

The Court of Civil Appeals correctly held that, for the error above indicated, the judgment of the trial court should be reversed, but it fell into error in rendering judgment that petitioner take nothing except compensation for the loss of the use

of the particular phalange which sustained the·wound. The case should have been remanded generally to the trial court. The order of the court rendering the case rather than remanding same is in conflict with Consolidated Underwriters v. Langley, 141 Texas 78, 170 S. W. (2d) 463.

By Art. 1728, V. C. S. and Rule 483 this court is authorized to reverse and remand a case on the application for writ·of error without the necessity of granting the writ and hearing the case when the decision of the Court of Civil Appeals is in conflict with ·a previous opinion of this court. That authority has heretofore been exercised. Casstevens v. Texas & P. R. Co., 119 Texas 456, 32 S. W. (2d) 637, 73 A. L. R. 89; Adams v. Bida, 125 Texas 458, 84 S. W. (2d) 693; Simpson, et al v. Charity Benevolent Association, 137 Texas 215, 152 S. W. (2d) 1093.

It appears that this is another proper case for its exercise and it is therefore ordered that the judgment of the Court of Civil Appeals, in so far as it reformed the trial court's judgment and rendered judgment against petitioner, be reversed and the cause remanded to the trial court.

Opinion delivered June 12, 1946.