## TRADERS & GENERAL INS. CO. v. JONES.

### No. 13762.

Court of Civil Appeals of Texas. Dallas.

Feb. 28, 1947.

Rehearing Denied March 28, 1947.

106

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Carter, Gallagher & Barker and Ben T. Warder, Jr., all of Dallas, for appellee.

YOUNG, Justice.

This suit arises under the Workmen's Compensation Act, wherein claimant sought recovery on basis of total and permanent disability for injuries allegedly sustained while working for Oldham & Sumner Lumber Company, Dallas. The insurance carrier pled in defense that the particular disability was confined and limited to the left leg below the knee and left arm below elbow, with only a small percentage of incapacity in each. Following a jury trial and verdict, the court rendered judgment for plaintiff as for total and permanent disability. In such connection, the court overruled defendant's motion that judgment be limited to leg and arm disability, the jury having found that "such permanent injuries" were confined to the two specific members; with result of this appeal.

The substance of jury issues and answers will be given, numbered as in the court's charge: (1) The injuries sustained by Charlie Jones on August 23, 1944, naturally resulted in incapacity; (2) which was total; (3 and 4) and not temporary; (6) such incapacity was not partial; (10) such injury suffered by Charlie Jones on August 23, 1944, naturally resulted in loss of use of left leg below the knee, including the foot; (11) which was total; (12) and permanent; (18) the injury suffered by Charlie Jones on August 23, 1944, naturally resulted in loss of use of his left arm below the elbow, including the hand; (19) which was partial; (23) and permanent; (25) to the extent of 15 per cent; (31) that "such permanent injuries" sustained by Charlie Jones will "be confined solely to his left leg below the knee and to his left arm below the elbow." A lump sum settlement was allowed and claimant's average weekly wage during the preceding year fixed at $30.32.

Points of appeal complain of the trial court's error (1) in rendering judgment against defendant company for compensation in terms of total and permanent disability despite the jury finding that plaintiff's injuries were confined solely to left leg below the knee and left arm below the elbow; (2) in refusing to grant defendant's motion that judgment be rendered for plaintiff fixing compensation over 125 weeks for loss of use of left leg below the knee and for 150 weeks on basis of 15 per cent. permanent partial incapacity to left arm below the elbow, since the jury found that the injuries would be confined solely to left leg below the knee and left arm below the elbow; the other findings being that Jones had sustained a total loss of use of said leg and a 15 per cent. loss of use of arm; (3) in rendering judgment for total permanent disability in absence of any jury findings that the injuries suffered by Jones to arm and leg affected other portions of his body; (4) in submitting issue 3 over defendant's objection that, as a matter of law, plaintiff had not suffered total permanent incapacity, since undisputed facts disclosed that after the accident he had secured and retained employment and was earning wages.

Undoubtedly, viewing the jury's findings as a whole, appellant's first three points

above are correct, making unnecessary a consideration of the fourth. The jury has definitely confined plaintiff's concurrent injuries to two members (left leg below knee and left arm below elbow), with the resultant classification of "specific" in contrast to "general" injuries; and compensable under Schedule 12, Article 8306, Vernon's Ann.Civ.St. "in lieu of all other compensation." Texas Employers Ins. Ass'n v. Pierson, Tex.Civ.App., 135 S.W.2d 550; Texas Employers Ins. Ass'n v. Thrash, 136 S.W. 2d 905; Texas Employers Ins. Ass'n v. Maledon, Tex.Com.App., 27 S.W.2d 151.

Plaintiff had been apparently engaged in ordinary labor, with past employment in lumber yards. The injuries sued for were sustained in falling from top of a loaded truck to a concrete surface, and while plaintiff's petition described same as including back and chest, his essential allegations related to left arm and leg; consisting of break in left foot and ankle, also two breaks in left wrist area, claiming permanent loss of use; testifying of inability to retain employment on job he had filled prior to accident, because of leg swelling, stiffness and cramping in left ankle upon standing or walking; similarly to left wrist, stiffness therein extending to fingers, with no strength or grip in hand, pains and swelling in the injured parts upon movement or attempting a day's work; that he has had to seek light employment, his present work covering only about four hours per day, with opportunity to rest and stay off feet; his ability to perform manual labor being thereby permanently limited.

 Appellee asserts that his cause of action has sufficient basis in sec. 11a, Article 8306, which, after listing certain specific injuries that are conclusively held to result in total permanent incapacity, such as loss of both feet at or above the ankle, loss of one hand and foot, etc., concludes in the following language: "The above enumeration is not to be taken as exclusive but in all other cases the burden of proof shall be on the claimant to prove that his injuries have resulted in permanent, total incapacity." It is thus earnestly argued that by virtue of the paragraph just

quoted, a person sustaining two or more specific injuries, of patterns other than enumerated in above Article, can recover for permanent, total incapacity, providing the evidence submitted discloses that such specific injuries, when considered together, have produced said maximum result; citing Maryland Casualty Co. v. Mueller, Tex.Civ. App., 247 S.W. 609, in support of the contentions made.

However, in the cited case, Mueller sustained general injuries (back, arm and leg), compensable under sec. 10, Art. 8306, aside from the provisions of 11a. It is well settled that specific injury to a member, under sec. 12, or to two or more members enumerated therein, may become a general injury through affection of other parts of the body. Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463. But where, as here, the jury has confined the permanent effect of specific injuries to those members alone (left leg below knee, left arm below elbow), compensation is awarded solely in accordance with Schedule 12; and the recovery cannot be extended by merely showing that, because of specific injury or injuries, claimant's capacity for performing manual labor has been impaired or even lost. 45 Tex.Jur., p. 612; Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364; Texas Employers Ins. Ass'n v. Galloway, Tex.Civ.App., 40 S.W.2d 973; Consolidated Underwriters v. Miller, Tex.Civ.App., 88 S.W.2d 573; Texas Employers Ins. Ass'n v. McNorton, Tex.Civ. App., 92 S.W.2d 562; Great American Indemnity Co. v. Sams, Tex.Civ.App., 170 S. W.2d 564, affirmed 142 Tex. 121, 176 S.W. 2d 312.

 It follows, therefore, that the trial court erred in establishing liability against appellant as for total and permanent disability; and that the correct rendition herein, pursuant to jury findings and defendant's motion therefor, was judgment awarding compensation for 125 weeks at rate of $18.19 per week for the loss of use of claimant's left leg below the knee; less a payment and credit of 23 weeks of compensation at the rate of $18.10 paid by defendant to plaintiff prior to filing of suit;

likewise, for 150 weeks at rate of $2.73 (15% of $18.19) for permanent partial disability to left arm below the elbow; with interest at rate of 6% per annum on all past due payments. In accordance with Rule 434, Texas Rules of Civil Procedure, it becomes our duty, therefore, to reverse the judgment under review and render such judgment herein as the trial court should have rendered; being in terms and amounts as generally above indicated, and it is so ordered.