## LUMBERMEN'S MUT. CASUALTY CO.
## v. ZINN.
## No. 15041.

Court of Civil Appeals of Texas.
Fort Worth.
May 6, 1949.

Rehearing Denied June 3, 1949.

.Bryan, Stone, Wade & Agerton, G. W. Parker, Jr. and John E. Thomason, all of Fort Worth, for appellant.

. White & Yarborough and Donald V. Yarborough, all of Dallas, for appellee.

HALL, Justice.

Appellee R. A. Zinn recovered judgment in a district court of Tarrant County, Texas, for workmen's compensation alleged due him against appellant Lumbermen's Mutual Casualty Company. Appellant admitted an injury to appellee but strenuously contested extent of same by alleging that such disability, injury or loss of use of the hand was confined to the little finger on appellee's right hand and any loss of use of appellee's right hand was solely the result of loss of use of the little finger on the right hand.

Trial was to a jury which returned its findings in favor of appellee and the court entered its judgment granting appellee the sum of $2635.50 for 15 weeks of total loss of use of the little finger at the rate of $20 per week and for 135 weks of fifty per cent partial loss of use of the right hand, at the rate of $17.30 per week, together with interest and costs. Said judgment resulted partially in appellee recovering for injury to one specific member resulting from injury to another specific member of his body.

Appellant assigns as error three points:

"1. There was no finding by the jury that the injury to appellee's finger extended to and produced injury to the hand, causing loss of use of the hand, which finding under the evidence was necessary before there could be a recovery for loss of use of the hand.

"2. The trial court did not submit to the jury the affirmative ground of defense as to whether the loss of use of appellee's hand, if any, was solely the result of the loss of use of the finger thereon. ·

"3. There is no evidence of probative value to support any of the jury's findings as to appellee's loss of use of the hand."

In answer to special issues the jury found appellee sustained a total loss of use of the right hand for eight weeks, fifty per cent partial loss of use of the right hand for 142 weeks, a total loss of use of the little finger on the right hand for 20 weeks, and 75% partial loss for the use of the little finger for 130 weeks.

Appellant complains under point No. 1 to the way and manner special issue No. 11 was submitted and the jury's answer thereto, which read as follows: "Do you find from the preponderance of the evidence that plaintiff's injury extended to or affected his right hand other than his little finger thereon? Answer 'Yes' or 'No.' Answer: 'Yes.'"

We will also quote special issue No. 12 and the jury's answer thereto: "Do you find from the preponderance of the evidence that any incapacity, if any you have found sustained by the plaintiff, was confined to the little finger on plaintiff's right hand? Answer 'Yes' or 'No.' Answer: 'No.'"

Appellant's position is that special issue No. 11 was not sufficient to support a judgment for any loss of the use of the right hand and that such judgment should have been confined to recovery for loss of the use of the little finger thereon, because there was no finding by the jury that the injury to appellee's finger extended to *and* produced injury to the hand, causing loss of the use of the hand. We find appellant's complaint to the contents of special issue No. 11 is that said issue should have inquired as to whether or not injury to the finger extended to *and* affected his right hand instead of *or* affected his right hand, and cites for authority the case of Texas Employers' Insurance Association v. Godwin, Tex.Civ.App., 194 S.W.2d 593, reversed and remanded by the Supreme Court without granting a writ 145 Tex. 100, 195 S.W.2d 347.

The distinction we see in the Godwin case and the instant one is that Godwin alleged and proved that he received an injury to his finger which affected his hand and arm but the court did not submit an issue to the jury on the subject. On the other hand, in the instant case the jury found, in answer to special issue No. 11, that appellee's in-

jury "extended to or affected his right hand other than his little finger thereon"; while the Supreme Court in reversing and remanding the cause used the term "there was no issue submitted to the jury and, therefore, no finding that the original injury extended to and affected other portions of the body or that such injury was not confined solely to the finger."

In the case of Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463, 465, cited by the Supreme Court in the Godwin case, the court stated as follows: "* * * The jury in answer to Special Issue No. 26 found that the employee's total incapacity was due solely to the injury to and loss of the use of his right leg. It, however, did not submit the real issue— that is, whether or not the injury affected other portions of his body or was confined solely to his leg below the knee."

In the case of Texas Employers Insurance Association v. Stephenson, 178 S.W.2d 883, 885, the Court of Civil Appeals referring to the Langley case found the following: "In reference to relator's contention that plaintiff suffered only a specific injury, the real, controlling and ultimate fact issue for the jury's determination, before plaintiff could be limited to recovery for a specific injury, was whether or not the injury which plaintiff did receive affected other portions of his body or was confined solely to his leg below the knee. * * * The issue as framed required the jury to find from the evidence that both the injuries and the effect thereof extended to other portions of plaintiff's body than his right foot before such issue could be answered in the affirmative. If the issue had been submitted to the jury as to whether the injuries affected other portions of plaintiff's body than his right foot, it might, conceivably, have answered said issue in the affirmative although it believed from the evidence that the injury found by it did not extend to any other portion of plaintiff's body than his right foot. * * * The ultimate issue was as to whether or not plaintiff's injuries or the effects thereof were confined below the knee, not whether his incapacity was so confined."

The Supreme Court in the case of Denbow v. Standard Accident Insurance Com-

pany, 143 Tex. 455, 186 S.W.2d 236, 239, suggests the following as a correct issue: "Did the injury, if any, to Denbow's left wrist affect parts of his body other than his hand and wrist, thereby causing disability?" In order to properly place burden of proof the court recommended: "If you find from a preponderance of the evidence that the injury to the left wrist affected parts of the body other than the hand and wrist, thereby producing disability, you will answer this issue 'Yes.' Otherwise you will answer it, 'No.'"

We find special issue No. 11 correctly submitted to the jury questions of fact for it to determine under the law, that is, whether or not the injury extended to or affected other portions of his body. In this connection we point out that special issue No. 1, which was answered affirmatively, inquired as follows: "Do you find from the preponderance of the evidence that R. A. Zinn sustained total loss of the use of his right hand as a natural result of the injury received by him on or about January 4, 1945? Answer 'Yes' or 'No.'" Other issues inquired as to extent of duration of loss of the use of said hand. When we consider the verdict as a whole, we have in substance the same issues and findings that are embraced in the form of issue suggested as correct by the Supreme Court in Denbow v. Standard Accident Insurance Company, supra.

Appellant's second point complains of the refusal of a requested issue which reads as follows: "Do you find from a preponderance of the evidence that such total loss of the use of the hand, if any, is solely the result of the loss of the use of the little finger on his right hand?"

There are two reasons why the point does not present reversible error. First, the requested issue does not embody the ultimate inquiry, to-wit, whether the injury extended to or affected other portions of the body, or, to put it the other way, whether the injury was confined solely to the finger. Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463, cited supra. Second, the same inquiries embodied in the requested issue were substantially presented to the jury in issues which were contained in the charge. Texas Rules of Civil Procedure, rule 279.

We overrule appellant's points 1 and 2.

Appellant's point 3 relates to failure of the record to produce sufficient evidence of probative value to support the judgment. We find this position is not tenable. Appellee testified that he sustained pain extending up to the knuckle joint and back into his hand, that his grip in the right hand was impaired. He also testified as to loss of strength, pains, soreness and stiffness. We overrule appellant's third point.

Finding no error in the judgment of the trial court, it is affirmed.