## QUINTANILLA v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 12406.

Court of Civil Appeals of Texas.
San Antonio.

May 28, 1952.

Rehearing Denied June 25, 1952.

G. Woodson Morris, San Antonio, for appellant.

Eskridge & Groce, San Antonio, Suttle & Kessler, Uvalde, for appellee.

W. O. MURRAY, Chief Justice.

This is a workmen's compensation case. Isrrael Quintanilla is the claimant, R. L. White Company and others of Uvalde, Texas, the employers, and Texas Employers' Insurance Association, the insurance carrier.

On March 15, 1950, a truck fell on claimant, injuring him. Claimant's suit is for a general injury and he seeks to recover compensation for the maximum period of 401 weeks.

The trial was to a jury and, based upon the verdict of the jury and under the stipulations of the parties and the uncontroverted evidence, judgment was rendered allowing claimant recovery for only 125 weeks, on the basis of a stipulated average weekly wage. Claimant, Isrrael Quintanilla, has prosecuted this appeal contending that he was entitled to recover for a period of 401 weeks.

Appellant, among other injuries, lost his right foot as a result of the accident, which occurred on March 15, 1950. There seems to have been no contention that appellant's injuries were not general up to March 15, 1951. The jury, in answer to issue No. 13, found that the physical injury which appellant sustained was confined to his right leg below the knee after February 15, 1951, and in answer to issue No. 14, that the loss of use of appellant's right leg below the knee after February 15, 1951, was total.

Appellant's point is that the court erred in refusing his specially requested issue reading as follows:

"Do you find from a preponderance of the evidence that such injury does extend to, or affect, other part, or parts, of his body?"

We overrule this contention. Appellant seeks herein to recover compensation upon his allegation that he had suffered a general injury. Appellee plead that appellant's injury was confined to his right leg below the knee after February 15, 1951. Appellant did not affirmatively plead that the injury to his right leg below the knee extended to or affected other part or parts of his body, and that was a necessary allegation if he seeks to recover on that basis. Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463.

Rule 279, T.R.C.P., provides in part, as follows:

"A party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised

only by a general denial and not by an affirmative written pleading on his part."

See also, Texas Emp. Ins. Ass'n v. Tate, Tex.Civ.App., 214 S.W.2d 877; Kiel v. Mahan, TexCiv.App., 214 S.W.2d 865; Chesshir v. Nall, Tex.Civ.App., 218 S.W.2d 248; Pressler v. Moody, Tex.Civ.App., 233 S.W.2d 165. The trial court did not err in refusing appellant's requested issue. Especially is this true where the question arose under the defensive pleadings of the appellee and not under the pleadings of the appellant.

Appellant's contention is not supported by Texas Employers' Association v. Stephenson, Tex.Civ.App., 178 S.W.2d 883.

The judgment of the trial court is affirmed.