## TEXAS EMPLOYERS' INS. ASS'N v. BROWNLEE.

No. 6228.

Court of Civil Appeals of Texas. Amarillo.

June 2, 1952.

Rehearing Denied June 30, 1952.

## HAMILTON v. STATE.

No. 26372.

Court of Criminal Appeals of Texas.

April 15, 1953.

858

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

PITTS, Chief Judge.

Appellee, R. R. Brownlee, obtained judgment against appellant, Texas Employers' Insurance Association, for the total sum of 3,264, payable in weekly installments of $24 for a period of 136 weeks, as workmen's compensation alleged to be due him for 50% permanent partial loss of the use of his right hand. Appellant admitted an injury to appellee as of date March 11, 1951, and admitted paying him $25 per week compensation for 14 weeks, but it is contesting the extent of appellee's injuries. It alleged that appellee's incapacity or disability was limited and confined to the loss of a portion by amputation of his second and third fingers on his right hand, contending that his injured fourth or little finger had completely healed, and it further alleged that any loss of the use of appellee's right hand was the result of injuries to his second and third fingers.

Trial was to a jury which found in answer to special issues that appellee sustained partial loss of the use of his second and third fingers on his right hand; that such partial loss of the use thereof was 50% and it was permanent; that appellee's incapacity was not confined to the second, third and little fingers on his right hand but the injuries to his second and third fingers extended to or affected his right hand other than the said fingers; that appellee sustained partial loss of the use of his right hand as a natural result of the said injuries; and that he sustained permanent 50% partial loss of the use of his right hand from the date of March 11, 1951. Judgment was accordingly rendered for appellee upon the jury verdict as previously stated from which an appeal was perfected.

Appellant presents several points charging error because the trial court submitted issues inquiring about hand injuries and rendered judgment based upon the jury's answers thereto rather than rendering its judgment based upon partial loss, if any, as a result of appellee's injuries only to his fingers on the right hand. Appellant contends, in effect, that the evidence does

not justify the submission of issues inquiring about a hand injury and does not support the jury findings concerning a hand injury nor the trial court's judgment based thereon. We cannot agree with such contentions. Appellee testified that he sustained pain in his right hand up to and above his knuckle joints and that his grip in that hand was impaired. He further testified that the injuries caused soreness and stiffness in his right hand and caused a loss of strength and the use of his hand. The testimony of Doctor J. F. Hughes strongly corroborated the foregoing testimony of the appellee. Doctor Hughes based his testimony upon his examination of appellee's injuries and the objective symptoms there found. Based upon the said findings Doctor Hughes further testified without objections that in his opinion appellee had a total partial disability that would be permanent, to 50% of his entire right hand. Other medical testimony corroborated in part that given by appellee and Doctor Hughes.

■ Appellant further contends, in effect, that the law does not support the actions of the trial court in submitting issues inquiring about a hand injury that may have caused incapacity thereof. The said issues in question, together with the jury's answers thereto, were submitted in the following language:

"No. 3.

"Do you find from a preponderance of the evidence that the injuries sustained by the plaintiff to the second and third fingers on his right hand extended to or affected his right hand other than said fingers?

"Answer 'Yes' or 'No'.

"Answer: Yes.

"No. 4.

"Do you find from a preponderance of the evidence that any incapacity, if any you have found sustained by the plaintiff, was not confined to the second, third and little fingers on his right hand? Answer 'It was' or 'It was not'.

"Answer: It was not.

"No. 5.

"(A) Do you find from a preponderance of the evidence that the plaintiff sustained partial loss of the use of his right hand for a period of time as a natural result of said injury, if any, sustained by him on March 11, 1951? Answer, Yes or No.

"Answer: Yes."

In further answers to other sections of issue number 5 the jury found in like questions propounded the extent of the right hand injuries and the date the same began.

We find that the said issues were a part of the controlling issues made by the pleadings and the evidence. We are of the opinion that the issues in question are similar in form to the suggested correct issue recommended by the Supreme Court in a similar action involving an alleged injury to the wrist found in the case of Denbow v. Standard Acc. Ins. Co., 143 Tex. 455, 186 S.W.2d 236. We likewise find that similar issues were approved by the Supreme Court in a very similar case to the one at bar styled and reported as Lumbermen's Mut. Casualty Co. v. Zinn, Tex.Civ.App., 220 S.W. 2d 906, writ refused. Appellant contends, in effect, that the rules of law announced in the Zinn case have since been overruled but it is our opinion that the authorities appellant relies on for such a contention do not overrule or change the rules of law announced in the Zinn case, which case has since been cited with approval at least twice even though it is a recent case handed down on May 5, 1949.

■ Appellant further complains of the refusal of a requested issue urged in the following language:

"Do you find, from a preponderance of the evidence, that the incapacity, if any, to the right hand of plaintiff was not caused solely by the partial loss of the second and third fingers of his right hand?"

The same inquiries embodied in the requested issue were substantially presented to the jury in other issues found in the charge and previously herein quoted. The language used in appellant's requested issue was hardly in conformity with any of the

language used in its pleadings. Nowhere did appellant plead that appellee's incapacity, if any, to his right hand was or was not caused *solely* by the partial loss of his fingers thereon. Appellant did plead that all of appellee's incapacity was caused by the loss of a portion of his fingers on the right hand. This appellee admits but he further pleaded that by reason of such injuries to his fingers the muscles, ligaments, tendons, tissues and nerves therefrom, together with pain, extended to and affected his entire right hand and he offered ample evidence in support thereof. The refusal of a similar requested issue concerning a similar factual situation was approved in the Zinn case previously cited. For the reasons stated it is our opinion that the refusal of the requested issue does not constitute reversible error.

■ Appellant further contends that the answers of the jury to the issues previously herein quoted were against the great weight and preponderance of the evidence and that such indicated bias and prejudice on the part of the jury. The testimony of appellee, strongly supported by medical testimony, concerning the matters presented in these issues has been previously herein stated. Based upon the record before us it is our opinion that appellant's position in these matters is not tenable.

The cases cited by appellant in support of its contentions here made are distinguishable from the case at bar. In the case of Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463, cited and relied on by appellant, the court held in part that an employee who sustained an injury, such as appellee here sustained, is not precluded from recovery for total incapacity to another portion of the body when such injury extends to and effects such other portion of the body, provided the employee alleges and proves that the injury to the particular member was extended to and affected the other portion of the body. That case, and particularly that rule of law found therein, has since been many times cited with approval. In the case of Traders & General Ins. Co. v. Jones, Tex.Civ.App., 201 S.W. 2d 105, 107, the court said:

"It is well settled that specific injury to a member, under sec. 12, [Art. 8306] or to two or more members enumerated therein, may become a general injury through affection of other parts of the body. Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463."

Our position in this case is also supported by the cases of Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312; and Godwin v. Texas Employers Ins. Ass'n, 145 Tex. 100, 195 S.W.2d 347.

Finding no error appellant's points are all overruled and the judgment of the trial court is affirmed.