**TEXAS EMPLOYERS INS. ASS'N**
**v. GRANTOM.**
No. 12473.

Court of Civil Appeals of Texas.
Galveston.

Nov. 6, 1952.

Rehearing Denied Dec. 4, 1952.

Fulbright, Crooker, Freeman & Bates and Sam Hood, Jr. and Eugene Cavin, of Houston, for appellant.

Bates, Cartwright & Kolius, S. G. Kolius and Reagan Cartwright, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment against appellant, and in favor of the appellee, of the 61st District Court, of Harris County, entered upon a jury's verdict on special issues submitted to it, for $1,208.61, together with 89 future compensation benefits for $25 each, and interest thereon, as for workmen's compensation benefits "for permanent total loss of the use of his right hand," while an employee of Charles G. Heyne & Company, of which employer the appellant was the compensation insurance carrier.

Appellant's "Points On Appeal" are these:

"(1) Error of the Court in entering judgment based on the Jury's finding that appellee sustained a total loss of use of his right hand from December 19, 1950, to December 19, 1953, because this finding was without support in the evidence.

"(2) Error of the Court in entering judgment based on the Jury's finding that appellee sustained a total loss of use of his right hand from December 19, 1950, to December 19, 1953, because this finding was without sufficient support in the evidence.

"(3) Error of the Court in entering judgment based on the Jury's finding that appellee sustained a total loss of use of his right hand from December 19, 1950, to December 19, 1953; because this finding was against the overwhelming weight and preponderance of the evidence.

"(4) Error of the Court in failing to submit, over appellant's timely objections and exceptions, requested issues inquiring whether or not appellee sustained an injury which, for a limited time, affected the right hand, but which subsequently was confined to his index finger, or to the index and middle fingers of his right hand, which was appellant's theory, and which was amply supported in the evidence.

"(5) Error of the Court in refusing to submit appellant's requested Special Issue No. 2, inquiring whether or not the loss of use of appellee's right hand resulted solely from the loss of use of his right index finger and right middle finger.

"(6) Error of the Court in submitting Special Issue No. 6, over appellant's timely objections, in such form as to be a comment on the weight of the evidence, in that it suggested, and in fact required, that the Jury should find that appellee suffered total loss of use of his right hand for a period of at least fourteen months (up to the date of trial), which fact was in dispute in the evidence."

As the quoted points disclose, appellant's appeal presents these over-all contentions:

First, the jury's finding that appellee had sustained a total loss of use of his right hand for three years, was without any evidence to sustain it, or, in any event, it was so against the overwhelming weight of all the evidence as to be clearly wrong;

Second, the court erred in discarding appellant's theory of the case as a whole, in refusing to submit its requested special issues to the jury, inquiring (1) whether appellee's claimed injury was only one which, for a limited time, affected his right hand, but subsequently became confined to his index finger, or, to the index and middle fingers of his right hand; and (2) whether or not the loss of use of appellee's right hand had resulted solely from the loss of the use of his right index finger and his right middle finger; and

Third, the court's special issue No. 6, inquiring of the jury whether or not any total loss it may have found the appellee may have suffered, under Issue No. 3, was temporary, amounted to a forbidden comment on the weight of the evidence.

The appellee, in his turn, instead of stating any counter-points thereto, replies directly to all of appellant's points by answers grouping the first, second, and third of them, then the fourth and fifth ones, and finally the sixth.

His response, in over-all substance, is: (1) that the jury's finding that the appellee had sustained a total loss of the use of his right hand for the three years from December 19, 1950, to December 19, 1953, had not only had sufficient support in the evidence, but that it was not so against the overwhelming weight of all the evidence as to be clearly wrong; (2) that appellant had wholly failed to plead in the trial court that appellee sustained an injury that for a while affected his right hand, but which subsequently was confined to the index finger, or to the index and middle fingers of his right hand, hence it was not entitled to have that defense submitted to the jury; (3) quoted special issue No. 6, when properly construed, was not subject to appellant's construction

thereof, hence it was neither on the weight of the evidence, nor indicative to the jury that the court itself thought that appellee did have total loss of the use of his hand, up until, at least, the time of the trial.

The appellee, among others, presents these authorities in support of his answering positions, to-wit:

Under No. 1: Lumbermen's Mut. Casualty Co. v. Zinn, Tex.Civ.App., 220 S.W.2d 906, writ refused; Williams v. Lumbermen's Reciprocal Ass'n, Tex.Civ.App., 18 S.W.2d 1093, on page 1095; Trinity Universal Ins. Co. v. Rose, Tex.Civ.App., 217 S.W.2d 425, writ refused, n. r. e.; Jefferson Standard Life Insurance Company v. Curfman, Tex.Civ.App., 127 S.W.2d 567, writ dismissed.

Under No. 2: Associated Employers Lloyds v. Self, Tex.Civ.App., 192 S.W.2d 902, on pages 904 and 905, writ refused; Security Union Casualty Co. v. Roberts, Tex.Civ.App., 298 S.W. 164, at page 169, writ refused; Southern Underwriters v. Grimes, Tex.Civ.App., 146 S.W.2d 1058–1060, writ dismissed, judgment correct.

Under No. 3: Texas Employers' Insurance Ass'n v. Tate, Tex.Civ.App., 214 S.W. 2d 877; Rule 279, Texas Rules of Civil Procedure.

The appellee's answering positions are thought to be sound, hence the trial court's judgment will be upheld.

The controlling questions of law presented by the appeal seem to this Court to be these two: (1) whether or not, as a matter of law, there was any evidence to support the jury's finding—under the special issues submitted to it—of the total loss of the use of appellee's right hand for three years, from December 19, 1950, to December 19, 1953; (2) if it did, whether or not the jury's finding that there was such total loss for that length of time was so against the great weight of the evidence as to be clearly wrong.

The first of these inquiries presents a question of law, the second one a question of fact; which situation requires this Court to exercise its exclusive responsibility of passing upon the weight of such evidence, in the event it holds there was any. With-

out extended discussion, it is held that there was sufficient evidence to support the jury's finding of the existence of the three years total loss of the use of appellee's hand, and that such finding was not so against the weight of the evidence as to authorize this Court to set it aside.

These authorities are thought to support both of these holdings, to-wit: Art. 8306, Secs. 11 and 12, Vernon's Ann.Civ.Tex.St.; Travelers Ins. Co. v. Davis, Tex.Civ.App., 191 S.W.2d 880, on page 882; Texas Employers' Ins. Ass'n v. Neely, Tex.Civ.App., 189 S.W.2d 626, on page 630; Texas Employers' Ins. Ass'n v. Pierson, Tex.Civ. App., 135 S.W.2d 550; American Employers Insurance Co. v. Climer, Tex.Civ. App., 220 S.W.2d 697, no writ action; Travelers Ins. Co. v. Calcote, Tex.Civ.App., 205 S.W.2d 56, Ref. n. r. e.; and Texas Employers' Ins. Ass'n v. Lane, Tex.Civ. App., 251 S.W.2d 181.

The judgment will be affirmed.

Affirmed.