GREAT AMERICAN INDEMNITY COM-
PANY, Appellant,

v.

Ed MEYER, Appellee.

No. 12752.

Court of Civil Appeals of Texas.

Galveston.

Oct. 7, 1954.

Rehearing Denied Nov. 18, 1954.

Kemper & Wilson and Vincent W. Reh-met, Houston, for appellant.

Talbert & Giessel, Houston, for appellee.

CODY, Justice.

This was a suit by Ed Meyer, an employee of Anchor Laundry, to recover Workmen's Compensation benefits from his employer's compensation carrier for an injury he received when he dropped a buggy wheel on his right foot, receiving, he alleged, as a result:

"Arteriolar necrosis of the vessels of the right big toe which decompensated

the blood supply in his right leg result-ing in gangrene.

"Plaintiff would show that such injuries rendered his right leg totally and permanently disabled.

"Plaintiff would show that said injuries have extended and have naturally affected his entire body, and that since the date of the occurrence made the basis of this suit, Ed Meyer has been unable to perform manual labor, which is the only occupation for which plaintiff is trained to perform, such incapacity extending to and affecting his right leg, and resulting in total and permanent incapacity; * * *."

In addition to a general denial, the defendant plead that plaintiff's injury was confined to the total loss of his right big toe, and did not extend to or affect any other portion of his body.

The court submitted the case to the jury upon seventeen special issues, and rendered judgment upon the stipulation of the parties and certain findings of the jury in response to special issues Nos. 1, 5, 6, 7, 9, and 16, that plaintiff recover $25 per week for total general incapacity commencing on November 25, 1952, and ending on February 15, 1953; and the Court additionally rendered judgment for $25 per week for permanent partial loss of use of his right leg below the knee for a period of 125 weeks beginning on February 15, 1953, plus interest, etc.

Both parties gave notice of appeal. Appellee has cross-assigned a single point of error; appellant bases its appeal upon fifteen points. Appellant's first point complains of the court's overruling its objection to the submission of special issue No. 1 "because there is no pleading to raise the issue."

Special issue No. 1 reads: "Do you find from a preponderance of the evidence that the accidental injury to the plaintiff's right great toe extended to or affected the right leg below the knee of the plaintiff, thereby causing incapacity to such right leg below the knee?"

We overrule defendant's first point. We have quoted the relevant portion of plaintiff's pleading, and it clearly appears therefrom that the injury resulted from dropping a buggy wheel on his right foot which affected the vessels of the right big toe so that gangrene set in. And plaintiff clearly alleged that the injury and incapacity extended to and affected his right leg. In the absence of any special exception the pleading was sufficient to support the submission of special issue No. 1. See Casualty Underwriters v. Flores, Tex.Civ.App., 125 S.W.2d 371, 375. In view of the portion of plaintiff's pleadings we have quoted above, we fail to understand able counsel's statement that "At no place in his pleading does plaintiff allege an injury to the right great toe or any extension of a toe injury into the leg." See Texas Employers' Ins. Ass'n v. Brownlee, Tex., 256 S.W.2d 76; Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463.

We sustain defendant's second, third and fourth points which complain of special issue No. 1 on the ground that as framed same is duplicitous (a) in that it inquires on the one hand whether under the evidence *the injury to the big toe extended to or affected plaintiff's right leg below the knee,* and (b) on the other whether *the injury to the right big toe resulted in incapacity to the leg below the knee;* and, again, on the further ground that as framed constitutes a comment on the weight of the evidence *because the issue assumes that incapacity resulted to the leg below the knee from the injury to the toe* (emphasis supplied); and, again, because as framed the issue assumes that in case the jury believes the injury extend to or affected the leg below the knee that some incapacity resulted to the leg below the knee.

The issue of whether the injury to the big toe extended to or affected plaintiff's right leg below the knee is in our opinion a separate and distinct issue from that of whether the injury to the big toe resulted in incapacity to such right leg below the knee. The defendant was very actively contesting whether the injury to the toe ex-

tended to and affected the right leg below the knee. In addition, as we understand it, the defendant was also very actively contesting whether even if the injury extended to and affected the right leg below the knee, that said leg was thereby so greatly affected as to result in any degree of incapacity. We think that the issue as framed does assume that if the injury to the big toe did extend to and affect the right leg below the knee, that incapacity thereby did result to the leg below the knee.

The plaintiff asserts that defendant stipulated upon the trial that plaintiff had sustained an accidental injury but was contending on the trial that the injury was limited to the total loss of the use of the toe. Plaintiff further contends that this stipulation had the effect of narrowing the dispute between the parties as to whether plaintiff should be limited in his recovery to benefits for the loss of the use of the toe or whether the plaintiff should be entitled to benefits for injury to the other parts of the body. It is true that under the stated stipulation plaintiff was not required to obtain a jury finding that he had lost the use of his great toe. But we do not agree that the stipulation can be extended by implication to relieve plaintiff from the burden of proving (1) that the injury extended to and affected the leg below the knee, and (2) that the same produced incapacity thereto, which in this instance the jury did find was 75%.

For the foregoing errors, the judgment must be reversed and the cause remanded for a new trial. Since the case is to be retried, certain points raised by defendant, and which may well arise upon another trial, therefore should be ruled on for the guidance of such trial.

■ The court did not err in rendering judgment for plaintiff in this case for total temporary incapacity, and at the same time rendering judgment that plaintiff recover for a specific injury. This because there were two separate and distinct injuries which occurred at different times. The injury to the toe occurred in early October, 1952. The plaintiff paid no attention to it

at first. But the toe refused to heal, and gangrene set in; this because it developed that plaintiff was a diabetic. In order to allow the toe to heal it was necessary to operate on plaintiff to allow a greater supply of blood to get to his foot and toe. The operation resulted, of course, in a wound which totally incapacitated the plaintiff for the period from November 25, 1952 to February 15, 1953. The parties stipulated that plaintiff was entitled to recover for total incapacity for said period. The operation-wound, though a proximate result of the injury to the toe, was a new, distinct and different injury from that to the toe, and to the portion of the body to which the injury extended, being a specific injury.

■ Upon a new trial it is not necessary, and we do not believe it is the best usage, for the jury to undertake to fix a date at which an injury to a specific member of the body began. This, because under Section 12, Article 8306, V.A.T.S., it is provided that the employee shall receive in lieu of all other compensation, as elsewhere provided, a weekly compensation for the specific injury enumerated. In other words, such provision is for liquidated damages. United Employers Casualty Co. v. Knight, Tex. Civ.App., 139 S.W.2d 613, 617.

■ It is to be presumed that, where defendant sent plaintiff to a doctor for examination, the defendant would have introduced such doctor's testimony if the same would have been favorable to it. And plaintiff's counsel is entitled to comment on the failure to produce the testimony of such doctor in argument to the jury. Consolidated Underwriters v. Lowrie, Tex.Civ. App., 128 S.W.2d 421 (writ refused).

Section 12 of Article 8306, insofar as here material, reads in part as follows: "Where the employé sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one member, for which member

compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

Should the evidence on a new trial show that the injury extended to the right leg below the knee and to the right leg above the knee, the proper formula for allowing benefits in such case is to be gathered from the following cases: Lumbermen's Mutual Casualty Co. v. Zinn, Tex.Civ. App., 220 S.W.2d 906, writ refused; Godwin v. Texas Employers Insurance Ass'n, 145 Tex. 100, 195 S.W.2d 347.

One of plaintiff's counsel, in his argument to the jury, used abusive language concerning the defendant. The abuse of a party to a suit before a jury is seldom justifiable. Without passing on whether or not the corrective action taken by the court below relative to such a breach of propriety was adequate, we think it hardly likely that counsel will again use language which will, in his argument to the jury, contain any unjustified epithets or arguments.

Other points which have been urged as error will not likely rise upon another trial.

For the reasons given, the judgment is reversed and the cause remanded for a new trial.

On Appellee's Motion for Rehearing

Appellee urges that his special issue No. 1, quoted in our original opinion, is framed on the following special issue suggested as a proper one by the Supreme Court in Denbow v. Standard Acc. Ins. Co., 143 Tex. 455, 186 S.W.2d 236, 239:

"Issue No. 12 could have been submitted in the affirmative in substantially the same language by framing the issue as follows: 'Did the injury, if any, to Denbow's left wrist affect parts of his body other than his hand and wrist, thereby causing disability?' If an instruction on the burden of proof had been desired, this issue could have been followed by an instruction as follows: 'If you find from a preponderance of the evidence that the injury to the left wrist affected parts of the body other than the hand and wrist, thereby producing disability, you will answer this issue, "Yes." Otherwise you will answer it, "No."'"

It should be noted that the special issue so suggested was a defensive special issue and if the defendant did not object to the form of the issue as duplicitous, the plaintiff could certainly not complain thereof as being harmful to plaintiff. And in addition the Supreme Court recognized that its suggested form of special issue did not place any burden of proof with respect thereto. Here the defendant complained that as framed the special issue was a comment on the weight of the evidence. That is, that it assumed that if the jury believed the injury extended to or affected the leg below the knee, that some incapacity resulted to the leg below the knee. The plaintiff, upon the complaint of the defendant on this score, should have requested the court to place the burden of the preponderance of the evidence as suggested by the Supreme Court.

Furthermore, the Supreme Court's suggested form for special issue set out hereinabove was suggested in lieu of the negative form which had been given in that case, which reads as follows:

"'Special Issue No. 12: Do you find from a preponderance of the evidence that the effects, if any, of the injury to H. E. Denbow's left wrist causing disability, if any, are not limited to his left hand?' To which the jury answered: 'We do not.'"

After careful reconsideration we have concluded that the special issue given in this case over the objections of the defendant (appellant) was subject to the vices asserted by defendant and we abide by our ruling on original hearing, and the motion for rehearing is refused.